JOHN J. AHERN v. FLORIDA REAL ESTATE COMMISSION ex rel. N. B. O'KELLEY, JR.

6 So (2nd) 857                                                          Division B
March 17, 1942

P. H. Odom and Frank M. Lipscomb, for appellant.
Willard Ayres and L. E. Broome, for appellee.

TERRELL, J.:

In December, 1939, appellant was informed against by the Florida Real Estate Commission for violating Section 4087, Compiled General Laws of 1927, in that he did obtain money from his clients by fraud and false pretense. He (appellant) filed an answer denying all acts of misconduct charged to him, testimony was taken, the cause was certified to the circuit court where motion to dismiss was denied and a final decree entered suspending his registration as a real estate broker for a period of six months. This appeal is from the order of suspension.

The circuit court based his order of suspension on the following finding:

"The Court finds that the defendant accepted and received from George W. and Mary E. Ortegas the sum of $100.00 as a deposit on the purchase of certain real

estate in Duval County, Florida, more particularly described in the information, upon the pretense that the defendant represented the owner thereof as her broker. The owner had "never listed the property with defendant and he at no time ever presented to her an offer to purchase said property on behalf of Mr. and Mrs. Ortegas, or anyone else, but he converted to his own use the aforesaid $100.00."

It is contended that the order should be reversed because (1) the information does not allege that the acts complained of were willfully and knowingly committed, (2) that the evidence of previous misconduct and a former suspension should not have been admitted, (3) the cause should be dismissed because appellant's license was renewed during the progress of the suspension proceedings, (4) considering the age of appellant and the amount involved, the length of the suspension was too severe.

In answer to the first contention, it is sufficient to say that since the Act brought in question was one designed to regulate the conduct of real estate brokers, it is not necessary that the information be cast with that degree of technical nicety required in a criminal prosecution. If a charge of improper conduct as contemplated by the Act is stated that is sufficient. State, ex rel. Williams v. Whitman, et al., 116 Fla. 196, 156 So. 705.

The other questions raised have been examined but we find no reversible error. If the charge had been criminal, circumstances might have been such that the introduction of evidence of a former suspension would have been error but not so in this case. The appellant is not being charged with crime but the issue is whether or not his conduct is such that he should

be permitted to engage in the business of a real estate broker. In such a situation, past irregular conduct may be considered.

It is of course regrettable that a man who has been in the real estate business for more than forty years and borne a good reputation should in later life fall into the error charged against him. We would not be human if we did not sympathize with him. The evidence reveals much in his favor and if he alone were involved, a less severe punishment might be imposed but the law was designed to protect the public and to safeguard those who put their money and their trust in the hands of the real estate broker.

The real estate business has become a highly specialized one and the real estate broker is now the confidant of the public in much the same manner as the lawyer and the banker. His relation to the public exacts the highest degree of trust and confidence and the law imposes on appellees the duty of enforcing its standards.

Affirmed.

BROWN, C. J., CHAPMAN and THOMAS, JJ., concur.