ALLEN, Judge.
The petitioner seeks review of an order ■of the circuit court upholding the refusal of respondent to quash an information filed .against petitioner, a real estate broker. Respondent Commission had authorized the filing of an information against petitioner ■ charging him with certain violations of ■Chapter 475, Florida Statutes, F.S.A. The •petitioner moved to quash the information ■for lack of jurisdiction, and the motion was •denied by the Commission. Petitioner then appealed to the circuit court and the court, treating the appeal as a petition for writ of certiorari, denied the petition.
The brief of the respondents raised a question concerning remedies, contending that this cause should come to this court on appeal from the circuit court instead of cer-tiorari. We are of the opinion that certio-rari is a proper remedy instead of appeal. We are further of the opinion that the circuit judge had the authority to treat the appeal filed in the lower court as a petition for certiorari. We so held in the case of Swope v. Coryell, Fla.App., 107 So.2d 153. See also Alliance for Conservation of Natural Resources in Pinellas County v. Furen, Fla.App.1958, 104 So.2d 803, in which we held that this court had the right to treat an appeal and the record as a petition for cer-tiorari.
The information sought a suspension of petitioner’s registration as a real estate broker for the reason that petitioner was guilty of fraud, concealment, dishonest dealing, trick, scheme or device in a business transaction with Ellen Custer, another broker, in that petitioner obtained Custer’s release of an agreement to divide commissions on certain real estate transactions without disclosing to Custer that petitioner had already obtained an offer on the real estate transaction, and that petitioner then completed the transaction, collected the commission and refused to divide the commission according to said agreement.
The petitioner’s motion to quash the information filed before the Real Estate Commission was based on the fact that the petitioner was not, at the time the release was obtained, acting as a real estate broker, and that, therefore, the Real Estate Commission would not have jurisdiction over the transaction or the act complained of.
The attorneys for the petitioner, in their well prepared brief, cite several cases from other jurisdictions to the effect that a real estate commission can only regulate where *920 the party charged in the information was engaged in the real estate business. One such case being that of Robinson v. Missouri Real Estate Commission, Mo.App. 1955, 280 S.W.2d 138, 56 A.L.R.2d 566.
We are of the opinion, however, that the Florida Statute is broader than the cited statutes from other states, and that under the provisions of Chapter 475, Florida Statutes, F.S.A., the Florida Real Estate Commission has authority to suspend the license of a registrant for fraud or dishonest dealings, even though the said transaction does not involve the sale of real property.
In the case of J. B. Green Realty Co., Inc., v. Florida Real Estate Commission, 1937, 130 Fla. 220, 177 So. 535, the Florida Supreme Court had before it a case very similar to this one, but the question argued in this case, that is, the jurisdiction of the commission to act, was not the question in that case.
In the case of Ahern v. Florida Real Estate Commission ex rel. O’Kelley, 1942, 149 Fla. 706, 6 So.2d 857, a broker’s registration was suspended by the circuit court. The order of suspension, as disclosed by the circuit court’s order, was as follows:
“ ‘The Court finds that the defendant accepted and received from George W. and Mary E. Ortegas the sum of $100.00 as a deposit on the purchase of certain real estate in Duval County, Florida, more particularly described in the information, upon the pretense that the defendant represented the owner thereof as her broker. The owner had never listed the property with defendant and he at no time ever presented to her an offer to purchase said property on behalf of Mr. and Mrs. Ortegas, or any one else, but he converted to his own use the aforesaid $100.00.’ ”
An examination of this opinion reveals that Ahern was not acting as a broker in this transaction, but collected the $100 on the pretense that he had represented the owner of the property from whom the Ortegas had purchased said property.
In Ahern v. Florida Real Estate Commission ex rel. O’Kelley, supra, the Court further said in its opinion:
“In answer to the first contention, it is sufficient to say that since the act brought in question was one designed to regulate the conduct of real estate brokers, it is not necessary that the information be cast with that degree of technical nicety required in a criminal prosecution. If a charge of improper conduct as contemplated by the act is stated that is sufficient * * *
“The other questions raised have been examined but we find no reversible error. If the charge had been criminal, circumstances might have been such that the introduction of evidence of a former suspension would have been error but not so in this case. The appellant is not being charged with crime but the issue is whether or not his conduct is such that he should be permitted to engage in the business of a real estate broker. In such a situation, past irregular conduct may be considered.
****♦*{«*
“The real estate business has become a highly specialized one and the real estate broker is now the confidant of the public in much the same manner as the' lawyer and the banker. His relation to the public exacts the highest degree of trust and confidence and the law imposes on appellees the duty of enforcing its standards.”
Section 475.25, Florida Statutes, F.S.A., provides the grounds for suspension or revocation of a registrant as follows:
“(1) (a) Been guilty of fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing, trick, scheme or device, cul *921 pable negligence, or breach of trust in any business transaction, or has violated a duty imposed upon him by law or by the terms of a listing contract, written, oral, express or implied, in a real estate transaction; or has aided, assisted, or conspired with any other person engaged in any such misconduct and in furtherance thereof; or has formed an intent, design or scheme to engage in any such misconduct, and has committed an over act in furtherance of such intent, design or scheme; and it shall he immaterial to the guilt of the registrant that the victim, or intended victim, of the misconduct has sustained no damage or loss, or the damage or loss has been settled and paid, after discovery of the misconduct, or whether such victim, or intended victim, thereof, ivas a customer or a person in confidential relation with the registrant, or was an unidentified member of the general public(Emphasis ours.)
The Superior Court of New Jersey, Appellate Division, in the case of Division of the New Jersey Real Estate Commission in the State Department of Banking and Insurance v. Ponsi, 1956, 39 N.J.Super. 526, 121 A.2d 555, 557, held that under the New Jersey statutes, the state real estate commission could refuse to renew the license of a real estate agent who was guilty of improper conduct, although such conduct was not connected with pursuit of his licensed privilege. The Court, in its opinion, saying:
“The question then propounded concerns the authority of the Commission to suspend, revoke or deny the renewal of a license to a broker who is deemed guilty of ‘any conduct which demonstrates unworthiness, incompetency, bad faith or dishonesty’ where that conduct is not connected with the pursuit of his licensed privilege.
“The answer must be discovered in the interpretation or construction of the terms of the statute. The statutes of some states have been construed to confine the delegated authority of the Commission to suspend or revoke the license exclusively to activities in which the licensee has actually engaged as a real estate broker. For example, see Schomig v. Keiser, 189 Cal. 596, 209 P. 550 (Sup.Ct.1922); Blakeley v. Miller, 232 Iowa 980, 7 N.W.2d 11 (Sup.Ct.1942); Robinson v. Missouri Real Estate Commission [Mo.App.], 280 S.W.2d 138 (Kansas City Ct.App.1955).
“In the Blakeley case, supra (232 Iowa 980, 7 N.W.2d 13), the court commented :
“ ‘ * * * One could think of many good reasons why it would be better to have the actions outside of his conduct in acting as a real estate agent apply to his right to hold a real estate license, but this is for the legislature to say and not for the court to write into the statute.’
“It is noticeable that our statute obliges an applicant for the license to furnish to the Commission ‘evidence of good moral character.’ N.J.S.A. 45 :- 15-9. Compare, applicant for insurance broker’s license, N.J.S.A. 17:22-6.6. It seems inconceivable that the Legislature intended to establish one standard for the issuance of a license and another for its renewal or revocation. The Commission may ‘in its discretion’ refuse to grant any new license ‘upon sufficient cause being shown.’ N.J.S.A. 45 :15 — 15. No license shall be issued to any person who has been convicted of certain specified criminal offenses. N.J. S.A. 45:15-12.1. Those provisions display the broad legislative object and purpose to limit the licensees to rep-table, honorable and conscientious persons.
“It is therefore in recognition of the indubitable intent of the Legislature that a significant meaning be ascribed to the specifications of Section 45:15- *922 17, such as (e) ‘Any conduct which demonstrates unworthiness, * * * had faith * * * ’; (h) ‘Being convicted of a crime * * * ’; and (l) 'Any other conduct, whether of the same or a different character than specified in this section, which constitutes fraud or dishonest dealing.’ (Italics supplied.) '
* * >¡í * íjí *
“It seems from the examination of the statute that the advantageous object exhibited by its composition was to create and maintain a commission to scrutinize in general and with care the character, competency, and integrity of license applicants and license holders to the end that in the interest of the public welfare, incompetent, unworthy and unscrupulous persons would be excluded from the real estate brokerage business.
The above opinion comports with the thinking of this court.
Certiorari denied.
KANNER, C. J., and KNOTT, JAMES R., Associate Judge, concur.