ALLEN, Chief Judge.
An information was filed against the petitioner containing allegations alleged to be in violation of Chapter 475, Florida Statutes, F.S.A. A motion to quash was filed by the petitioner which was denied. Testimony was taken and the Florida Real Estate Commission entered an order suspending the license of the petitioner for six months.
The first point stated by the petitioner, to wit:
“The Florida Real Estate Commission did not have jurisdiction since the parties dealing with defendant were not dealing with him as a broker at the time of the alleged offense as re *421 quired by 475.25, Florida Statutes [F.S.A.].”
was involved in the case of Anderson v. Florida Real Estate Commission, Fla.App. 1958, 105 So.2d 918, 920, where this court, in its opinion, held contrary to the contention of the petitioner.
In the case of Anderson v. Florida Real Estate Commission, supra, the petitioner Anderson filed a motion to quash the information filed before the Real Estate Commission which was based on the fact that the petitioner was not, at the time the release was obtained, acting as a real estate broker, and, therefore, the Real Estate Commission would not have jurisdiction over the transaction or the act complained of. In the court’s opinion we said:
“We are of the opinion, however, that the Florida Statute is broader than the cited statutes from other states, and that under the provisions of Chapter 475 Florida Statutes, F.S.A., the Florida Real Estate Commission has authority to suspend the license of a registrant for fraud or dishonest dealings, even though the said transaction does not involve the sale of real property.
* * * * * *
“In the case of Ahern v. Florida Real Estate Commission ex rel. O’Kelley, 1942, 149 Fla. 706, 6 So.2d 857, a broker’s registration was suspended by the circuit court. The order of suspension, as disclosed by the circuit court’s order, was as follows:
“ ‘ “The Court finds that the defendant accepted and received from George W. and Mary E. Ortegas the sum of $100.00 as a deposit on the purchase of certain real estate in Duval County, Florida, more particularly described in the information, upon the pretense that the defendant represented the owner thereof as her broker. The owner had never listed the properly with defendant and he at no' time ever presented to her an offer to purchase said property on behalf of Mr. and Mrs. Ortegas, or any one else, but he converted to his own use the aforesaid $100.00.” ’ ”
See Division of New Jersey Real Estate Commission in State Department of Banking and Insurance v. Ponsi, 1956, 39 N.J. Super. 526, 121 A.2d 555, 557.
Points 2 and 3 of the petitioner are as follows:
“The motion to quash the information should have been granted.”
“Under the facts in this case where there was no evidence of wilful or intentional wrong-doing and there was no finding of this by the commission, the evidence is insufficient to sustain the charges.”
The motion to quash contained grounds similar to a motion to dismiss filed in the case of Ahern v. Florida Real Estate Commission, 149 Fla. 706, 6 So.2d 857, 858. In the Court’s opinion it is said:
“In answer to the first contention, it is sufficient to say that since the act brought in question was one designed to regulate the conduct of real estate brokers, it is not necessary that the information be cast with that degree of technical nicety required in a criminal prosecution. If a charge of improper conduct as contemplated by the act is stated that is sufficient. State ex rel. Williams v. Whitman et al., 116 Fla. 196, 150 So. 136, 156 So. 70S, 95 A.L.R. 1416.”
We are of the opinion that points 2 and 3 above alleged are answered in the Ahern case, supra, contrary to the contentions of the petitioner.
Point 4 of the petitioner complains of the severity of the suspension sentence for six months. This court is not in a position to determine, as a matter of law, that the six months’ suspension would render the order of the Commission invalid. To *422 do so would be to substitute the judgment of this court for that of the respondent.
Certiorari denied.
KANNER, J., and CARLTON, VASSAR B., Associate Judge, concur.