SMITH, Judge.
The Florida Real Estate Commission instituted proceedings against petitioner Ward seeking the revocation of petitioner’s license as a real estate broker. After a citation and hearing conducted by an examiner, petitioner was found guilty of breach of trust in business transactions in violation of Section 475.25(1) (a), Florida Statutes, F.S.A, to the extent that he was guilty of a course of conduct or practices which show that he was so incompetent, negligent and dishonest that the money of those with whom he may sustain a confidential relation may not safely be entrusted to him, in violation of Section 475.25(3), Florida Statutes, F.S.A. The registration of Ward as a real estate broker was revoked and Ward seeks review here by Certiorari, as authorized by Section 475.35, Florida Statutes, F.S.A., and Florida Appellate Rule 4.5(c), 31 F.S.A. We find error, grant the Writ of Certiorari, and quash the order of suspension.
Section 475.25, Florida Statutes, F.S.A., authorizes the commission to suspend the registration (license) of a registered real estate broker:
“(1) * * * [Ujpon a finding of facts showing that the registrant has:
“(a) Been guilty of fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing, trick, scheme or device, culpable negligence, or breach of trust in any business transaction, * * *.
******
“(3) The registration of a registrant may be revoked if the registrant shall, for a second time, be found guilty of any misconduct that warrants his suspension under subsection (1) of this section, or if he shall be found guilty of a course of conduct or practices which show that he is so incompetent, negligent, dishonest or untruthful that the money, property, transactions and rights of investors or those with whom he may sustain a confidential relation, may not safely be entrusted to him.”
The findings of fact by the commission were based on the transcript of testimony supplied by the examiner, and thus this court is in just as an advantageous position to make its findings as was the commission. Moreover, there are no material controversies of fact. The controversy exists only with respect to the conclusions. We examine the record to determine whether the commission had before it competent, substantial evidence to support its findings and judgment which also must accord with the essential requirements of the law under the rules laid down in De Groot v. Sheffield, Fla.1957, 95 So.2d 912, and Graham v. Florida Real Estate Commission, Fla.App. 1960, 119 So.2d 88.
Petitioner, Earl S. Ward, Jr., was a principal officer in Earl S. Ward, Inc., a Florida corporation, initially engaged in the construction of residence buildings. Subsequently, Earl S. Ward, Jr. became licensed as a registered real estate broker and practiced his profession through the corporation. In the summer of 1957, the corporation began a program of constructing residences in Indian Lake Estates. Model homes were constructed and the corporation conducted a sales campaign to procure building contracts from property owners in Indian Lake Estates for the construction of *813 residences, offering a reduction in the established price, based upon anticipated volume construction. Contracts were obtained for the construction of twenty-five residences, and the corporation was “geared up” for mass construction.
After the beginning of some of the construction, adverse publicity and substantial dissatisfaction and disillusionment befell the property owners in this subdivision and sixty per cent of the building contracts of the corporation were cancelled. The corporation immediately began to cut back on its working crews, reduced its overhead and attempted to alleviate its financial position by endeavoring to sell the model homes, and by the petitioner mortgaging his personal home and using and placing that, and other personal funds, in the account of the corporation. The corporation continued with the construction of the homes under the contracts which were not cancelled, and purchased materials at the same time, from the same suppliers, and used the same laborers and sub-contractors on all the jobs. The construction funds of the corporation were depleted; and although the homes of the complaining witnesses, Cook and Green, were completed, the corporation refused to accept final payment from them for the reason that the corporation could not furnish a release of liens, certifying that all labor and materials were paid in full. The owners made construction progress payments and tendered the balance due in accordance with the construction contracts. The petitioner’s cost of materials and direct labor in connection with the construction of each of the houses of the complaining witnesses was less than the agreed contract price as shown by the petitioner’s job-cost ledgers, but the costs itemized there reflects no items for general overhead and indirect costs. These latter items were unusually high due to the circumstances heretofore related, plus the remoteness of the subdivision from the source of supply of labor and materials.
We find no merit in the petitioner’s emphasis of the fact that he and his corporation were, in these instances, in the construction business and not acting in his capacity as a registered real estate broker, because the grounds for revocation relied upon by the commission are not limited to his actions as a real estate broker. The Statutes do not require them to be so limited.
The commission concluded that the above facts establish a breach of trust because Chapter 84.07(3), Florida Statutes, F.S.A., provides, in effect, that any contractor who, with intent to defraud, shall use the proceeds of any payment made to him on account of improving certain real property for any other purpose than to pay for labor or services performed on or materials furnished by his order for this specific improvement, while any amount for labor, services, or materials shall remain unpaid, shall be guilty of embezzlement. The facts here do not justify such a conclusion. The contractor in each of the construction contracts was the corporation. Section 84.01, Florida Statutes, F.S.A. The fact that payments for the cost of construction were made or tendered by the owners to the corporation and that the contractor’s costs of labor and materials were not paid, would not establish embezzlement by the principal officer of the corporation. Fiske v. State, Fla.App.1958, 106 So.2d 586. There was no testimony to establish any diversion of the assets of this corporation to, or for the personal benefit of the petitioner, but to the contrary, the petitioner made substantial personal contributions to the accounts of the corporation, endeavoring to extricate the corporation from its financial plight. Green and Cook were aware of the multiple construction contracts, resulting in their reduced contract price. The cancellation of most of the contracts was caused by circumstances beyond the control of either the contractor or the owner, resulting in unfortunate losses to both.
These facts are not sufficient to support the finding that the petitioner has been guilty of a breach of trust, and they do not show that the petitioner is incompetent, *814 negligent and dishonest, so that the money of those with whom he may sustain a confidential relation may not safely be entrusted to him. Writ of Certiorari is, therefore, granted, and the order revoking the registration of the petitioner is quashed.
SHANNON, C. J., and WHITE, J., concur.