146 So.2d 907 (1962)
C. Jordan THORN, Petitioner,
v.
FLORIDA REAL ESTATE COMMISSION and Robert Tanner, Respondents.
No. 3294.
District Court of Appeal of Florida. Second District.
October 24, 1962.
Rehearing Denied November 13, 1962.
*908 William Gundlach (of Anderson, Gundlach & Hull), Fort Lauderdale, for petitioner.
Benjamin T. Shuman, Winter Park, for respondents.
SMITH, Judge.
Robert Tanner, a representative of the Florida Real Estate Commission, filed an Information with the Commission against C. Jordan Thorn, in which it was alleged that Thorn was registered with the Commission as a broker and that he conspired with William N. Gaisford to permit Gaisford to operate as a real estate salesman or broker without being the holder of a valid, current registration certificate from the Commission. The Information then alleged in some detail a real estate transaction wherein the property was listed with Thorn for sale, and Thorn solicited Gaisford's assistance in obtaining a purchaser in an arrangement whereby Gaisford received funds from the transaction and that the defendant was, therefore, guilty of false pretenses, trick, scheme or device and unlawful conspiracy, all in violation of Chapter 475, Florida Statutes, F.S.A. Thorn answered, *909 generally denying the allegations of the Information, and the issues were heard by an Examiner who made findings of fact, conclusions of law and recommendations of an order. Thorn filed Exceptions to the Examiner's report and recommended order, and after hearing, the Commission issued its final order which we here review on Thorn's Petition for Writ of Certiorari.
Petitioner first contends that he has been denied due process of law, in that he was charged with a conspiracy with Gaisford. The Examiner found that the Commission had failed to prove a conspiracy and also that Thorn had violated the intent and purpose of § 475.25(1) (f), Florida Statutes, F.S.A., in that Thorn paid a commission or compensation for services performed by an unregistered person in connection with a real estate transaction. After hearing before the Commission on Thorn's exceptions to this finding, the Commission sustained his exceptions, but found that Thorn was guilty of aiding or assisting Gaisford, in that he knowingly worked with, and received a proportionate share, of a real estate broker's commission from Gaisford who was not registered with the Commission, thereby enabling Gaisford to perform services and receive compensation and that Thorn was, therefore, guilty of violating § 475.25(1) (a), Florida Statutes, F.S.A.
The effect of Thorn's contention is that he was charged with one violation and found not guilty thereof by the Examiner, but found guilty by the Examiner of a second violation with which he was not charged; that he was found not guilty by the Commission of the charge sustained by the Examiner, but found guilty of a third charge by the Commission; and that as to the third charge, he was neither charged in the Information with this violation, nor found guilty of this violation by the Examiner.
In such a proceeding, it is not necessary that the Information be cast with that degree of technical nicety as required in a criminal prosecution. If a charge of improper conduct as contemplated by the act is stated, that is sufficient. Ahern v. Florida Real Estate Commission, ex rel. O'Kelley, Fla. 1942, 149 Fla. 706, 6 So.2d 857. The act simply requires that the facts shall be alleged in concise, simple language, and shall be deemed to afford notice of the charge, if a person of ordinary understanding may reasonably be enabled to present his defense, and both the information and answer shall be aided and deemed amended by the proof if the opposite party shall be afforded full opportunity to meet and defend against or rebut such proof. § 475.26, Florida Statutes, F.S.A.
Section 475.27, Florida Statutes, F.S.A., provides that the Examiner shall receive the evidence and shall transcribe the same and shall report the testimony to the Commission. Section 475.31 provides that upon the filing of a final report of the Examiner, the cause may be heard by the Commission and that the defendant may file a brief not more than fifteen days after service of a notice that the report of the Examiner has been filed. Section 475.29 provides that the Commission shall have original jurisdiction to receive, hear and determine all informations as it may find warranted by the facts and the provisions of law. Section 475.30(2) provides that in the event of the necessity of procedure not specifically provided for, then the procedure applicable in chancery practice shall govern. Section 475.31(4) provides that the findings of fact of the Commission shall have the same force and effect as the findings of a general master in chancery. The statute makes no provision for, nor does it give any force or effect to, findings of the examiner. The variance in the charge in the Information, and the guilty finding by the Commission, was not material since all of the facts surrounding the transaction were the same and the findings were that the acts were done by way of aiding and assisting, rather than in furtherance of a conspiracy.
*910 Petitioner further contends that a necessary element of the charge was that Gaisford was not registered with the Commission as a broker or salesman in good standing and that there was not proof of this necessary element one way or the other. The Commission concedes that there is lacking in this record any evidence that Gaisford either was, or was not, so registered. However, the Commission contends that proof of the registered status is provided by a certificate of the chairman of the Commission, based upon the records of the Commission, and that the Commission may, in any cause before it, take judicial notice of its own records and acts and that it may, therefore, take judicial notice of the fact that Gaisford was not so registered.
Administrative officers, boards or commissions, who are required to make a determination upon or after a hearing, in the exercise of a judicial or quasi-judicial function, cannot act on their own information. All parties to such a hearing must be fully apprised of the evidence submitted or to be considered, and nothing can be treated as evidence which is not introduced as such, for there is no hearing where a party cannot know what evidence is offered or considered and is not given an opportunity to test, explain or refute. It is improper for such an officer, agency or commission to base its decision or findings upon facts gathered from its own records without introducing the records into evidence. 42 Am.Jur., Public Administrative Law, § 130, p. 464; 18 A.L.R.2d 556 and 564.
Administrative bodies are not exempt from the constitutional requirement that procedural due process be accorded those persons appearing before them. Jonas v. Florida Real Estate Commission, Fla. App. 1960, 123 So.2d 264.
The allegation that Gaisford was not registered with the Commission was an essential element of the charge, and the burden was upon the Commission to prove each essential element. Since Gaisford was not a party to this action, § 475.28, Florida Statutes, F.S.A., did not shift this burden of proof. Even if the Commission could take judicial notice of its record of registrants, we think it essential that the record contain some proof of the fact that Gaisford was not registered with the Commission. See Mobley v. State, Fla. 1962, 143 So.2d 821.
Writ of Certiorari is granted, and the order of the Commission is quashed.
SHANNON, C.J., and WHITE, J., concur.