SHANNON, Chief Judge.
Petitioner seeks review of an order of the Florida Real Estate Commission suspending his registration as a real estate broker for a period of two years.
By order of the commission, a three-count information was filed against petitioner by Earle L. Mann, an authorized representative of the commission, in which petitioner was charged, inter alia, with violating Ch. 475, Fla.Stat., F.S.A., by conspiring with *560 others to conceal assets from a potential judgment creditor. After citation and hearing conducted by an examiner, petitioner was found guilty of this charge by the commission after the examiner had recommended that he be adjudged not guilty. The examiner further found that during the period of time involved, petitioner had failed to maintain a separate trustee account in violation of Sec. 475.25(1) (i), Fla.Stat., F.S.A., although the information did not contain a count regarding this alleged violation. Petitioner admitted during the hearing, in response to a question asked by the examiner, that he had commingled funds entrusted to him by persons dealing with him as a broker with personal funds. The examiner therefore recommended that the information be amended to conform to the'proof showing a violation by petitioner of Sec. 475.25(1) (i), Fla. Stat, F.S.A.
The facts surrounding the charge are well stated in the examiner’s findings of fact which were adopted in toto by the commission upon a review of the transcript. Since, on counts two and three of the information, petitioner was found not guilty, we shall quote only those findings of fact pertinent to count one:
“1. The defendant, M. M. PHILLIPS, is and was at all times herein mentioned a registered real estate broker with offices located at 233 South Orange Avenue, Orlando, Florida.
“2. During the month of May 1960, the complaining witnesses ALFRED and AUDREE FROST contacted the defendant, M. M. Phillips in regard to a listing he had in the paper. The Defendant, M. M. Phillips showed the Frosts several' houses, one of which they eventually purchased through the Defendant’s efforts. As a result of this purchase, the Frosts became friendly with the Defendant and had several social contacts with him. On or about July 6, 1960, Mrs. Frost called the Defendant at his office and stated that she wished him to come by the house as she had a problem she wished to discuss with him. When the Defendant arrived Mrs. Frost informed him that she had been involved in an automobile ac cident and needed his advice on what she should do. The Defendant’s testimony was that she should call a lawyer and suggested Mr. A. T. MacKay, an attorney practicing in Orlando, or his associate Mr. Stewart Ayres. Mrs. Frost felt that since she was responsible for the accident, and the automobile was in her name, that the other party might sue her and obtain a money judgment against her. That she needed the advice of someone such as the Defendant, Mr. Phillips, regarding what she should do about certain monies which she and her husband has (sic) accumulated in a joint savings account. It is apparent from the testimony of all witnesses that the Defendant, Phillips, acted in the capacity of a close friend and acquaintance rather than a real estate broker in regard to the advice he gave to Mrs. Frost concerning this accident.
“3. The testimony does not disclose whether or not the Frosts did consult an attorney, but they did follow the advice of the Defendant, Phillips. Since they were upset about losing their savings, the Defendant suggested that they should loan him the money. Mr. Phillips further testified that he suggested that they give him a predated note, which would indicate that the money paid to the Defendant, was in connection with the purchase of the house that they acquired through his efforts several months prior thereto. The promissory note (Plaintiff’s Exhibit No. 3) although dated May 24, 1960, was in fact prepared by the defendant, M. M. Phillips on or about July 6, 1960. The note admittedly by the Frosts and the Defendant, Phillips, was a complete fabrication and was to be used only to prevent a potential *561 judgment creditor from reaching the cash assets of the Frosts.
“4. Across the face of the note the Defendant, Phillips has written the words 'paid in full, M. M. Phillips, broker 7/8/60’. The testimony is conflicting with regard to whether or not this was a personal loan. The Frosts both testified that the money was received by the Defendant, Phillips, for the purposes set out above and was not as a personal loan to the Defendant. However, the Defendant testified that it was a personal loan to him and that he was to return the money when the Frosts requested the money from him.”
In its final order, the commission found petitioner guilty of violations of Secs. 475.-25(1) (a) and 475.25(1) (i), Fla.Stat., F.S. A.
Sec. 475.25, Fla.Stat., F.S.A., authorizes the commission to suspend the registration of a real estate broker:
“(1) * * * upon a finding of facts showing that the registrant has:
“(a) Been guilty of fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing, trick, scheme or device, culpable negligence, or breach of trust in any business transaction, or has violated a duty imposed upon him by law or by the terms of a listing contract, written, oral, express or implied, in a real estate transaction; or has aided, assisted, or conspired with any other person engaged in any such misconduct and in furtherance thereof; or has formed an intent, design or scheme to engage in any such misconduct, and has committed an overt act in furtherance of such intent, design or scheme; and it shall be immaterial to the guilt of the registrant that the victim, or intended victim, of the misconduct has sustained no damage or loss, or the damage or loss has been settled and paid, after discovery of the misconduct, or whether such victim, or intended victim, thereof, was a customer or a person in confidential relation with the registrant, or was an unidentified member of the general public; or,
* * * * * *
“(i) Failed, if a broker, to immediately place, upon receipt, any money, fund, deposit, check or draft, entrusted to him by any person dealing with him as a broker, in escrow with a title company or banking institution located and doing business in Florida, or, deposit said funds in a trust or escrow bank account maintained by him with some bank located and doing business in Florida, wherein said funds shall be kept until disbursement thereof is properly authorized, * *
Only with respect to the conclusions of law does controversy exist in this case. The examiner’s findings of fact were adopted by the commission and our task is to examine the record in order to determine whether the commission had before it competent, substantial evidence to support its findings and judgment and whether the latter meets the essential requirements of law. Ward v. Florida Real Estate Commission, Fla.App.1962, 141 So.2d 811; Graham v. Florida Real Estate Commission, Fla.App.1960, 119 So.2d 88; and De Groot v. Sheffield, Fla.1957, 95 So.2d 912.
The commission concluded that the facts were sufficient to establish that petitioner had violated Sec. 475.25(1) (a), supra, in that he had conspired with others to defraud a potential judgment creditor. With this conclusion we agree.
The evidence before the commission clearly shows that the circumstances surrounding the charge and conviction of engaging in concealment and dishonest dealing in no way involved a real estate transaction. This is not, however, a necessary element to such a charge under Sec. 475.25 *562 (1) (a), supra, and the cases decided pursuant thereto. In the case of Ahern v. Florida Real Estate Commission, 1942, 149 Fla. 706, 6 So.2d 8S7, the Supreme Court, in affirming the suspension of a real estate broker’s registration, had this to say:
“The real estate business has become a highly specialized one and the real estate broker is now the confidant of the public in much the same manner as the lawyer and the banker. His relation to the public exacts the highest degree of trust and confidence and the law imposes on appellees the duty of enforcing its standards.”
It appears from the opinion therein that Ahern was not acting as a broker in the complained of transaction. See also Anderson v. Florida Real Estate Commission, Fla.App.1958, 105 So.2d 918, wherein the rationale of the Ahern case was reiterated.
Subsequently, in Carter v. Florida Real Estate Commission, Fla.App.1960, 122 So.2d 420, this court rejected the broker’s contention that the commission lacked jurisdiction to enter an order suspending his registration because the complaining parties were not dealing with him as a broker at the time of the alleged offense, holding in effect that Sec. 475.25(1) (a), supra, does not require that the broker be acting in such capacity at the time of commission of one of the offenses condemned thereby.
We conclude, therefore, that the commission correctly found that petitioner had violated Sec. 475.25(1) (a), Fla.Stat., F.S.A.
Next, we shall consider the finding of the commission that petitioner had violated Sec. 475.25(1) (i), supra, in that he failed to establish a separate trustee account. As stated earlier, this violation was not charged in the information filed against the petitioner. It was, however, admitted by the petitioner when he was being questioned by the examiner toward the conclusion of the hearing. The examiner then recommended that the information be amended to conform to the proof, “showing that the Defendant, Phillips had not complied with Chapter 475 of the Florida Statutes, in that he had during the period of time involved in the Information commingled personal funds with Trustee funds.” The commission so found. Petitioner challenges this finding on the ground that he was not called upon to defend this charge.
In the very recent case of Thorn v. Florida Real Estate Commission, Fla.App.1962, 146 So.2d 907, the petitioner urged that he had been denied due process in that he was convicted of an offense with which he was not charged in the information. This court, speaking through Judge Smith, stated:
“In such a proceeding, it is not necessary that the Information be cast with that degree of technical nicety as required in a criminal prosecution. If a charge of improper conduct as contemplated by the act is stated, that is sufficient. Ahern v. Florida Real Estate Commission ex rel. O’Kelley, 1942, 149 Fla. 706, 6 So.2d 857. The act simply requires that the facts shall be alleged in concise, simple language, and shall be deemed to afford notice of the charge, if a person of ordinary understanding may reasonably be enabled to present his defense, and both the information and answer shall be aided and deemed amended by the proof if the opposite party shall be afforded full opportunity to meet and defend against or rebut such proof, § 475.26, Florida Statutes, F.S.A.
* * * * * *
“ * * * The variance in the charge in the Information, and the guilty finding by the Commission, was not material since all of the facts surrounding the transaction were the same and the findings were that the acts were done by way of aiding and assisting, rather than in furtherance of a conspiracy.” (Emphasis added.)
The information in the Thorn case charged the broker with conspiring with another to *563 allow the latter to operate as a real estate salesman or broker without having a valid certificate of registration from the commission. The examiner found that the conspiracy had not been proved but that Thorn had violated Sec. 475.25(1) (f), Fla.Stat., F.S.A., in that he had paid a commission or compensation for services performed by an unregistered person in connection with a real estate transaction. The commission then sustained Thorn’s exceptions to the examiner’s findings but found him guilty of aiding and assisting an unregistered person in performing services and receiving compensation in a real estate transaction. It is clear, therefore, that since all the facts surrounding the transaction were the same in the Thorn case, the variance between the charge in the information and the guilty finding by the commission was immaterial.
In the instant case, however, the facts necessary to sustain a conviction under the information as framed would not necessarily also support a conviction under Sec. 475.25(1) (i), supra. For example, the charge of concealment and dishonest dealing might have been brought against petitioner even if he had a separate trustee account at the time. It might well have developed also that petitioner had not received funds during this time which he would be required to place in a trust or escrow account (although he admitted that he had in the instant case). We conclude, therefore, that since the conviction under Sec. 475.25(1) (i), supra, required the introduction of separate and distinct facts, not necessary to a conviction under Sec. 475.25(1) (a), supra, the conviction of petitioner under Sec. 475.25(1) (i), supra, cannot stand because a charge thereunder was not contained in the information filed against him below.
Petition for writ of certiorari is granted and that part of the order of the commission finding that petitioner failed to maintain a separate trustee account in violation of Sec. 475.25(1) (i), Fla.Stat., F.S.A., is quashed. That part of the order finding petitioner guilty of conspiring with others to conceal assets from a potential judgment creditor is correct and stands undisturbed. Accordingly, the cause is remanded with directions for the entry of an order conforming to the decision of this court, and the commission is further authorized to modify the period of suspension sentence if upon due consideration it should deem such action proper.
It is so ordered.
ALLEN and WHITE, JJ., concur.