On Petition for Rehearing

PER CURIAM.
By petition for rehearing the respondent Commission suggests that the following provision of our decision is ambiguous in that it is capable of several constructions as to the powers of the Commission upon the remand, one being that the Commission is required to impose no greater suspension than six months on the petitioners, D. L. Rogers and Doris Rogers, and then in turn to suspend the serving of such suspension:
“Certiorari is granted and the order is quashed in so far as it applies to the petitioners, without prejudice to the right of the Commission to punish the petitioners in like manner as by said order it punished their co-defendant, Charles H. Race.”
It is the purpose of the decision to require that the punishment, if any, to be meted out to said petitioners shall not be greater than that which the Commission imposed upon Race, including, of course, suspension of the serving of any suspension of their licenses.
The Commission also suggests that our decision makes no specific provision for remand and that the concluding paragraph is construable as authorizing the Commission to enter an order of suspension pursuant to Section 475.25(1) (a) and Section 475.42, Florida Statutes, F.S.A. The remand is inherent in the decision, and we have heretofore stated the construction to be placed upon our decision with respect to the punishment imposable.
The respondent Commission further suggests that our decision conflicts with the decisions of the Florida appellate courts in that it usurps powers conferred exclusively on the Commission, citing Michell v. State, 154 So.2d 701 (Fla.App.1963), Carter v. Florida Real Estate Commission, 122 So.2d 420 (Fla.App.1960), and Stanford v. State, 110 So.2d 1 (Fla.1959). Our review of these decisions indicates that they do not have the effect thus ascribed and do not govern the issues on this appeal.
In Stanford v. State, supra, the sole issue was whether or not confessions introduced in evidence were freely and voluntarily made. By a four-to-three decision the majority held that they were admissible and by way of obiter dicta reiterated the *265 principle, originating in Brown v. State, 152 Fla. 853, 13 So.2d 458 (1943), to the effect that if a trial judge imposes a sentence within the limits defined by statute, the only relief is before the parole authorities. However, Mr. Justice Terrell, speaking for the minority, cogently insisted that the discretion of the trial judge to impose a sentence within statutory bounds does not preclude the appellate court from passing upon the question of the abuse of such discretion or, under appropriate circumstances, to prevent it from reducing the punishment when found excessive; and he correctly observed that “the Florida decisions have been based on the constitutional issue of cruel and inhuman punishment, and not on the matter of discretion, as was the case in so many other courts where the question was considered.”
In Carter v. Florida Real Estate Commission, supra, the appellate court went no further than to hold, under the facts in that case, that it was not in position to determine, as a matter of law, that the penalty of six months suspension imposed by the Commission rendered its order invalid, saying that to do so would be to substitute its judgment for that of the Commission. The cited case is distinguishable from the case on review because the facts here involved are such that we are in a position to determine, as a matter of law, that the Commission abused its discretion in imposing the subject sentences on the petitioners.
Michell v. State, supra, was a proceeding in habeas corpus in which it appears that Michell entered a plea of guilty to a criminal charge and was sentenced to serve one year in the county jail; that subsequently it came to the attention of the trial judge that Michell was a minor and that the provisions of Section 932.38, Florida Statutes, F.S.A., had not been complied with, whereupon the court of its own motion vacated the prior plea of guilty, adjudication of guilt, and the sentence theretofore imposed, After compliance with F.S. § 932.38, F.S.A., Michell was again arraigned and he then entered a plea of nolo contendere, whereupon he was adjudged guilty of the crime of robbery and sentenced to be confined at hard labor for a term of seven years. His petition for writ of habeas corpus challenged the legality of his detention under the seven-year sentence and the respondent sheriff moved to quash the writ on the ground that Michell’s remedy was by way of appeal from the judgment of conviction and sentence imposed. The circuit court entered an order denying the motion to quash and directed the trial court to vacate the judgment and sentence and to impose a sentence no longer in time than the first sentence imposed; also, to allow Michell credit for the time he had served under the judgment and sentence thus vacated. The Second District Court of Appeal, following Stanford v. State, supra, reversed the order of the circuit court, with directions that the writ be quashed and that petitioner be-delivered to the proper authorities in accordance with the last judgment and seven-year sentence imposed by the trial court.
Other than with respect to appeals involving the sentence imposed in criminal cases, we find no firm precedent to the effect that appellate courts are without power to pass upon the question of an alleged abuse of discretion in the punishment imposed by inferior tribunals such as the regulatory body here involved.
Our supreme court has regularly exercised its power to reduce the punishment visited upon errant members of the bar. The following observations in the dissenting opinion of Justice Terrell in Stanford v. State, supra, seem particularly appropriate to a proceeding and penalty of the nature here involved:
“A chance at rehabilitation may give a new meaning to justice, spark the vestige of good that lurks in the breasts of defendants and return them to society as craftsmen instead of 'repeaters.’ The very nature of Christian institutions prompts rehabilitation while primitive ones prompt revenge. The spark plug in our democracy is the *266 emphasis we place on the importance of the individual.”
******
“Ever since Old Master instituted ejectment to expel the first children from the Garden of Eden, misbehavior has been a social problem. The culprits in that case were subject to the death penalty and might have been hanged to the tree from which Mother Eve snitched the apple with which she seduced Father Adam but on account of human frailty the death penalty was reduced to banishment from the Garden with the privilege to eat bread in a kitchen that was two millenniums ahead of air conditioning. The defendants in this case had not previously run afoul of the law and so far as the record discloses were otherwise as free from sin as the First Children.”
In Neering v. State, 141 So.2d 615 (Fla.App.1962), this court reversed a judgment of contempt as to the sentence imposed (one year confinement in the county jail) and remanded the cause for the imposition of a new sentence “not to exceed six months in the county jail.” We there recognized that the power of our appellate courts to review sentences that are within the limits prescribed by law is quite restricted, but we distinctly held that there still remains an area of appellate review of such sentences, and undertook to distinguish the facts there involved from those in Geary v. State, 139 So.2d 891 (Fla.App.1962). Neering brought certiorari in the supreme court to review said decision of this court. The state cross-petitioned for writ of cer-tiorari, contending that by virtue of our reduction of Neering’s sentence, our decision conflicted with Geary v. State, supra. By a separate petition for writ of certio-rari the state sought review of our decision because of an alleged conflict with Geary v. State, supra, and other cases of the same effect. By a per curiam opinion the supreme court held that its writs of certiorari in said causes were improvidently issued and thereupon discharged the same. Neering v. State, 155 So.2d 874 (Fla.1963).
To the extent herein stated, the petition for rehearing is granted and our decision modified to accord herewith, and in all other respects the petition is denied.
STURGIS, C. J., and WIGGINTON, and CARROLL, DONALD K., JJ., concur.