CARROLL, DONALD K., Judge
(dissenting) .
I must dissent from the majority opinion for the reason that I think it fails to give sufficient weight to the legal effect of Section 475.25, Florida Statutes, F.S.A. This statute provides that the registration of a registered real estate broker or salesman may be suspended by the Florida Real Estate Commission for a period not exceeding two years, or until compliance with a lawful order imposed in the final order of suspension, or both, upon a finding of facts showing that the registrant has done one or more of the following acts (among many other enumerated acts of misconduct) :
“Been guilty of fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing, trick, scheme or device, culpable negligence, or breach of trust in any business transaction, or has violated a duty imposed upon him by law or by the terms of a listing contract, written, oral, express or implied, in a real estate transaction; or has aided, assisted, or conspired with any other person engaged in any such misconduct and in furtherance thereof; or has formed an intent, design or scheme to engage in any such misconduct, and has committed an overt act in furtherance of such intent, design or scheme; and it shall be immaterial to the guilt of the registrant that the victim, or intended victim, of the misconduct has sustained no damage or loss, or the damage or loss has been settled and paid, after discovery of the misconduct, or whether such victim, or intended victim, thereof, was a customer or a person in confidential relation with the registrant, or was an unidentified member of the general public; or,”
In my opinion, in the case on appeal the acts of misconduct alleged in the third count of the information (as well as those alleged in the first and second counts, all of which are re-alleged in the third count) falls squarely within any one of several acts of misconduct named in the quoted statutory provision.
To hold, as does the majority, that “the fraud so charged by the Commission is directed to factual matters outside of the Commission’s jurisdiction and in which the general public will not be harmed or otherwise concerned” is, I submit, to disregard the last clause in the statute above-quoted, reading: “ * * * and it shall be immaterial to the guilt of the registrant that the victim, or intended victim, of the misconduct has sustained no damage or loss, or the damage or loss has been settled and paid, after discovery of the misconduct, or whether such victim, or intended victim, thereof, was a customer or a person in confidential relation with the registrant, or was an unidentified member of the general public * *
The clause just quoted, in my opinion, clearly expresses the Legislature’s intention that the acts of misconduct for which a registration may be suspended are not to be *519 limited exclusively to acts perpetrated upon a customer during a real estate transaction or similar transactions in the business of real estate.
On the contrary, I think that the Legislature in enacting Chapter 475, Florida Statutes, F.S.A., especially Section 475.25, clearly expressed its intention to raise the ethical tone of those engaged in the real estate business and to protect the public from being victimized by registered real estate brokers or salesman whose misconduct shows them to be unworthy of the high trust and confidence required of members of a profession.
The provisions of Chapter 475 have in many decisions been applied and passed upon by the appellate courts of Florida. A leading case on the subject of the nature and purpose of those provisions is Ahern v. Florida Real Estate Commission ex rel. O’Kelly, 149 Fla. 706, 6 So.2d 857 (1942). In that case the Supreme Court of Florida, speaking through the late Justice Terrell, said that the law “was designed to protect the public and to safeguard those who put their money and their trust in the hands of the real estate broker.” In that case a real estate broker had been informed against by the Florida Real Estate Commission for obtaining money from his clients by fraud and false pretense. Justice Terrell further said for the Supreme Court:
“The real estate business has become a highly specialized one and the real estate broker is now the confidant of the public in much the same manner as the lawyer and the banker. His relation to the public exacts the highest degree of trust and confidence and the law imposes on appellees the duty of enforcing its standards.”
Following the line of reasoning revealed in the Ahern and other decisions of our Supreme Court, the District Court of Appeal, Second District of Florida, in Foulk v. Florida Real Estate Commission, 113 So.2d 714 (1959), held the following with respect to the purpose and effect of Chapter 475:
“The Florida legislature, in seeking to elevate the status of real estate brokers and the profession of real estate with all its related phases, under regulations designed for the protection of the public, through Chapter 475, Florida Statutes, F.S.A., has subjected this field of endeavor to requirements which must be met by those who engage in any of its defined activities. The Florida Supreme Court has recognized that the real estate business in this state has become highly specialized and that one who engages in this business belongs to a privileged class and enjoys a monopoly in that field. He is the confidant of the public in much the same manner as a lawyer or a banker. His relationship to the public exacts the highest degree of trust and confidence, and his status under the law is accompanied by recognized privileges and responsibilities.”
The Second District Court of Appeal in Carter v. Florida Real Estate Commission, 122 So.2d 420 (1960), also had occasion to quote from and rely upon another portion of the Ahern opinion, as follows:
“ ' * * * since the act brought in question was one designed to regulate the conduct of real estate brokers, it is not necessary that the information be cast with that degree of technical nicety required in a criminal prosecution. If a charge of improper conduct as contemplated by the act is stated that is sufficient.’ ”
On the authority of the above cases and statutory provisions, my conclusion is that the third count of the information before us amply charges improper conduct as contemplated by Section 475.25, and that, therefore, the Florida Real Estate Commission properly denied the motion to quash the third count of the information. Accordingly, I would deny the petition for a writ of certiorari.