SCHEB, Judge.
Petitioner James F. Ryan seeks a writ of certiorari contending the respondent Florida Real Estate Commission departed from the essential requirements of the law in suspending his real estate registration. We agree with petitioner and grant the writ.
The question presented here is whether the petitioner’s refusal to show a tract of land to a black customer constituted a violation of a “duty imposed by law” under the Florida Real Estate License Law (Fla. Stat. Ch. 475) so as to authorize the respondent to suspend his real estate registration.
The petitioner is a real estate broker in Leesburg who deals in acreage and commercial properties. On May 10, 1974, he advertised a five acre tract of land for sale through a local newspaper. While not advertised as a homesite, the tract was located in a mixed agricultural and residential area. Under applicable zoning regulations the property could be subdivided into homesites, but no steps had been taken in that regard. Mrs. Lynum, a black person, telephoned petitioner and made an appointment for her and her husband to see the land. When the Lynums arrived at the petitioner’s real estate office, he asked if they were looking for acreage. When Mrs. Lynum replied, “Yes, we are,” he refused to show them the property. Racial motivation in failing to show the property is apparent from the record. Mrs. Lynum filed a complaint with the Leesburg Board of Realtors and on June 25, 1974, that Board determined the petitioner’s actions did not constitute any breach of ethics.
On October 18, 1974, the respondent Commission filed an information charging the petitioner with failure to show the property to the Lynums, contrary to Article I, Section 2, Florida Constitution, the 1968 Federal Fair Housing Act (42 U.S. C. § 3601 et seq.), and the Civil Rights Act of 1866 (42 U.S.C. § 1982), and alleging the petitioner Ryan was guilty of fraud, breach of trust, trick, scheme or device in a business transaction, and of a duty imposed upon him by law, all in violation of Fla.Stat. § 475.25(1) (a).[1] Petitioner’s motion to quash the information was denied. Upon hearing, the petitioner acknowledged his refusal, stating that he was not required by law to show the property to anyone. The examiner determined the property met the federal definition of a “dwelling” under the Fair Housing Act, and the petitioner’s refusal to show it to the Lyn-ums because of their race constituted a breach of a duty imposed by law under Fla.Stat. § 475.25(1)(a). Exceptions to the examiner’s findings of fact and conclusions of law were overruled and on May 28, 1975, the respondent Commission adjudged the petitioner guilty pi violating Fla.Stat. § 475.25(1) (a), and suspended his real estate registration for 60 days.
On this petition our function is to examine the record to determine whether the Commission’s order was in accord with the essential requirements of law. See De Groot v. Sheffield, Fla.1957, 95 So.2d 912; Graham v. Fla. Real Estate Commission, *72 Fla.App.2d 1960, 119 So.2d 88; and Ward v. Fla. Real Estate Commission, Fla.App.2d 1962, 141 So.2d 811.
Florida Statutes Ch. 475, which embraces the Real Estate License Law of this state charges the • respondent Commission with the duty of enforcing that law and disciplining registrants. Section 475.25 sets forth the grounds for revocation or suspension of a registrant’s license and provides, in part, as follows:
“(1) The registration of a registrant may be suspended for a period not exceeding two years, or until compliance with a lawful order imposed in the final order of suspension, or both, upon a finding of facts showing that the registrant has:
(a) Been guilty of fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing, trick, scheme or device, culpable negligence, or breach of trust in any business transaction, in this state or any other state, nation, or territory; has violated a duty imposed upon him by law or by the terms of a listing contract, written, oral, express or implied, in a real estate transaction . . . ” (Emphasis supplied)
Within the context of that statute, a duty imposed by law must relate to a specific duty required of real estate registrants by applicable federal or state statutes. Here the respondent Commission determined th,e petitioner violated a duty imposed by the Fair Housing Act of 1968, an Act designed to provide for fair housing throughout the United States.
The Act makes it unlawful where on basis of race, color, religion, or national origin a person refuses to sell or negotiate for the sale of a dwelling or to represent that any dwelling is not available for inspection or sale when it is, in fact, so available. 42 U.S.C. § 3604(a) and (d). The Act broadly defines persons to whom applicable, 42 U.S.C. § 3602(d), and while the definition does not specifically refer to real estate brokers, the Act has been interpreted to apply to real estate agents in the sale and rental of housing. Zuch v. Hussey, E.D.Mich.1975, 394 F.Supp. 1028.
Dwelling is defined in § 3602(b) of the Act as follows:
“ ‘Dwelling’ means any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof.”
The respondent Commission did not allege or establish that the acreage involved here was offered for sale by petitioner for any particular purpose. While applicable zoning regulations permitted the property to be used for agriculture and residential uses, and the petitioner testified the Lynums had indicated some interest in subdividing, there was no evidence that the petitioner intended to market the land as homesites. The property was advertised as:
“5 acres of high wooded land on paved road in Lady Lake area. $3,000 per acre. 10 year terms.”
by the petitioner who specializes in sale of acreage. The president of the Leesburg Board of Realtors was familiar with petitioner’s business and testified he had never known him to sell or offer for sale a homesite, a home or anything of that nature. Another broker who served as chairman of the local Professional Standards Committee of the realtors testified to the same effect. And, while there is paucity of authority construing the term “dwelling” under the federal act, it was held in U. S. v. Mintzes, D.Md.1969, 304 F.Supp. 1305, that a vacant lot formerly improved with a multi-family dwelling and not offered for sale for any particular purpose was not a dwelling within the meaning of *73 the Act. We have not overlooked the fact that while Mrs. Lynum testified she did not discuss prospective subdivision of the tract into homesites, the petitioner recalled some conversation by her to the effect that her husband had relatives in construction and they would be interested in subdividing the land into as many homesites as possible and building homes there with his relatives. Despite this, there was not competent substantial evidence to sustain the Commission’s finding that the tract of acreage was offered for sale in such a manner as to meet the definition of “dwelling” under 42 U.S.C. § 3602.
Where, as here, the duty imposed by law upon a registrant is based on a federal statute, that statute must be strictly construed just as is the case with any other penal statute. Allegations of the specific violation must be clearly stated and the proof against the registrant to be disciplined must be supported by competent and substantial evidence and not left to inference or speculation.
As we stated in Brod v. Jernigan, Fla.App.2d 1966, 188 So.2d 575, the respondent’s broad authority to supervise the privileged business of real estate brokers, which includes revocation or suspension of their licenses, must be cautiously and even sparingly utilized. The aim must be to discipline those who are dishonest and unscrupulous or who defraud the general public in handling real estate transactions. See also, Pauline v. Borer, Fla.1973, 274 So.2d 1. And, while one who engages in real estate business is and must be held to a high standard of trust and confidence, the license he holds is a valuable privilege which he has earned and it may be suspended or revoked only upon a showing by competent and substantial evidence that he has violated the provisions of Fla.Stat. Ch. 475.
Certainly no agency of government and no court condones discrimination on basis of race, color, religion or national origin. Elimination of discrimination in our society requires constant vigilance; however, we cannot judicially remove every bias from the minds of men. We must review each case on the basis of the law and the evidence and make our judgments accordingly. Our examination of the record under review reveals that the required standard of establishing a violation on part of the petitioner by competent and substantial evidence has not been met in these proceedings. Therefore, we conclude that the judgment of the respondent suspending the petitioner’s license departed from the essential requirements of the law and accordingly the writ of certiorari is granted and the decision under review is quashed.
HOBSON, A. C. J., and GRIMES, J., concur.

. Of these three authorities, the 1968 Fair Housing Act was the only arguable basis on which the respondent could base its contention that the petitioner breached a duty imposed upon him by law under Fla.Stat. § 475.25(1) (a), since neither the quoted constitutional provision nor the Civil Rights Act of 1866 impose specific duties on real estate agents.