Forst, J.,
dissenting.
I respectfully dissent. I would affirm the School Board’s Final Order, which rejected the ALJ’s Recommended Order and upheld the termination of Appellant from his teaching position with the Broward County Schools. As argued by the Bro-ward County Superintendent of Schools in his exceptions, the core findings in the ALJ’s Recommended Order were not based on competent substantial evidence, but on “factual findings” created by the ALJ.
The ALJ: relied upon testimony-and correspondence prepared by Appellee’s witr nesses that were complimentary toward Appellant, while discarding the far more numerous negative impressions, maintaining these critiques were “shaped by [the witnesses’] knowledge of their employer’s interest in securing the dismissal of [Appellant].” The ALJ also rejected the “observations” and “datamarks” of the Principal and Assistant Principal that formed the primary basis for Appellant’s discharge because of the ALJ’s conclusory “impression” that the observations “were tainted by incompetence, carelessness, and confirmation bias.”
The majority opinion states that “the School Board rejected the Superintendent’s exceptions to the ALJ’s findings of fact regarding the misconduct- counts.” However, there is ample unrebutted evi *851 dence in the ALJ’s findings that Appellant was disrespectful toward fellow teachers who were assigned as “coaches,” administrators, and students. These findings that illustrate Appellant’s disrespectful behavior were, in turn, discounted by the ALJ, thus sidestepping an analysis of the charge of “incompetency,” which includes “failure to perform duties prescribed by law”; “[failure to communicate appropriately with and relate to students”; and “[fjailure to communicate appropriately with and relate to colleagues, administrators, subordinates, or parents.” Fla. Admin. Code R. 6A-5.056(3)(a).
For instance, a former Assistant Principal at Appellant’s school testified concerning his interactions with Appellant during the 2010-11 and 2011-12 school years. He claimed that Appellant did not use any of the required criteria contained in the iOb-servation® form; he found Appellant to be “demeaning” and “insulting” to his students; and in response to suggestions from the witness that Appellant should try various Marzano strategies, Appellant either refused or agreed to appear at teachers’ meetings to discuss the strategies, but was a no-show for these meetings, thus displaying “a level of arrogance unparalleled.”
Additionally, as noted in the ALJ’s findings of fact, a different Assistant Principal, who supervised Appellant during the latter’s final two years, testified that he “advised [Appellant] that it had been unprofessional and impolite of him three days earlier to have placed copies of a memorandum from an AHS administrator critical of some act or behavior of [Appellant] in the school mailboxes of other teachers. When Assistant Principal Farr directed [Appellant] not to do it again, [Appellant] replied that Assistant Principal Farr lacked the authority to prohibit him from doing so and, whenever an administrator gave him something 'stupid,’ he would copy and disseminate it to the other teachers.”
The ALJ accuses the administrators of “confirmation bias,” which the ALJ defines, with reference to a Judge Richard Posner book, as -the “well-documented tendency once one has made up one’s mind, to search harder for evidence that confirms rather than contradicts one’s initial judgment.” See Engler v. Herrling (In re Engler), 490 B.R. 622, 627 n.37 (Bankr. M.D. Fla. 2013) (quoting Richard A. Posner, How Judges Think 110-11 (2008)). Ironically, this more accurately described the ALJ’s own approach to his decision. He negated most of the negative testimony and observations concerning Appellant and created his own rating of Appellant’s performance, discarding some of the administrators’ datamarks and substituting his own post-hearing assessments (Appellant only commented upon two of the eighteen observations). The ALJ relied upon his own- assessments in drafting the Recommended Order, without providing the School Board an opportunity to challenge, let -alone see, the assessments prior to issuance of the Recommended Order. This would appear to run afoul of the rule set forth' over fifty years ago in Thorn v. Florida Real Estate Commission, 146 So.2d 907 (Fla. 2d DCA1962):
Administrative officers, boards or commissions who are required to make a determination upon or after a hearing, in the exercise of a judicial or quasi-judicial function, cannot act on. their own information. All parties to such, a hearing must be fully apprised of the evidence submitted or to be considered, and nothing can be treated as evidence which is not introduced as such, for there is no hearing where a party cannot know what evidence is offered or considered and is not given an opportunity to test, explain or refute. It is improper for such an officer, agency or commission to *852 base its decision or findings upon facts gathered from its own records without introducing the records into 'evidence.
Id. at 910.
Finally, the ALJ seemed to have reached his revised data scores, findings, and conclusions based on his disdain for the School Board’s state-approved teacher evaluation process and evaluation form (“[t]he iObservation® form’s flaws raise considerable doubts as to its role in producing informed, balanced, and replicable observation data”). Accordingly, he gave little attention to the testimony of the school district’s Director of Employee Evaluations who gave an explanation as to how the evaluation process worked, and instead substituted his own evaluation standards.
In essence, the lengthy Recommended Order substitutes the “impressions” of the ALJ for the observations of two experienced school administrators who are credentialed Marzano observers and whose concerns regarding Appellant’s performance and conduct was buttressed by several teachers/coaches, as well as a former Assistant Principal. The ALJ’s “impressions” and his reliance on an “observation” score that he created without having actually observed Appellant teaching, is not competent substantial evidence upon which a rejection of the Superintendent’s recommended action of termination can be premised. As such, I would affirm the School Board’s Final Order and, accordingly, I dissent.