PEARSON, Judge.
This petition for writ of certiorari to review a final order of the Florida Real Estate Commission was filed in this court pursuant to section 475.35, Fla.Stat., F.S.A., as amended by Chapter 59-197, § 4, 1959 Laws.[1] The scope of review upon such a *762 petition is not limited to that of common law certiorari.[2]
Pursuant thereto we have reviewed the record and arguments. We have determined that the petitioner has been denied a substantial constitutional right, in that the Florida Real Estate Commission did not have before it substantial evidence upon which to base its final order.
The respondent, Curry, charged on April 17, 1959, that petitioner violated section 475.42(1) (k), Fla.Stat., F.S.A.,[3] by filing for record on February 13, 1953, a document entitled “Exclusive Sales Agency”, which affected the title of real property, for the purpose of coercing the payment of money. Scienter is made a necessary element of the violation. There is no substantial evidence to support the finding that the petitioner had recorded a “known false document”.
The judgment of the commission, that the registration of the petitioner as a real estate broker be suspended until the petitioner should by appropriate instrument remove the offending document from the public records of Dade County, should be vacated. The writ is accordingly granted and the Florida Real Estate Commission is directed to vacate the final order entered September 29, 1959, wherein Edward A. Curry is designated plaintiff and Louis Glasser is designated defendant, and it is further directed to enter a final order dismissing the information filed therein.
It is so ordered.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. Section 475.35(1), Fla.Stat., F.S.A., as amended reads as follows: “The final orders and rulings entered or issued in any proceeding before the Florida Real Estate Commission shall be reviewable only by a Writ of Certiorari issued by the District Court of Appeals [Ste] of the appropriate appellate district, or the Supreme Court, when permitted, as and in the manner provided by the Florida Appellate Rules or by law. The venue of the proceedings for such review shall be *762 the appellate district which includes the county wherein hearings before the examiner are required to be heard under the provisions of Section 475.27; provided however, that if venue cannot be determined under Section 475.27, then the venue of such proceedings shall be the appellate district which includes the county wherein the executive offices of the commission are located. In all such cases the style of the cause in the Court of Appeals [sic] shall be -. Petitioner, vs. The Florida Real Estate Commission and (the original plaintiff), Respondents.”

. Section 475.35(3) and (4), Fla.Stat., F.S.A., as amended by Chapter 59-197 (§ 4), 1959 Laws reads as follows :
“(3) The final orders, rulings, and proceedings of the Commission shall be presumed to be valid unless reversible error or invalidity prejudicial to the Petitioner shall be affirmatively shown to exist. Certiorari shall not be granted for any cause except want of jurisdiction or substantial denial of a constitutional or statutory right, unless such cause was by appropriate motion or objection in the record made known to the Commission before entry of the final order, and the Commission has failed or refused to correct such cause, and any such cause, error, omission or defect not made known to the Commission by appropriate motion or objection in the record shall be deemed waived.
“(4) In all such cases the findings of fact, orders, rulings, determinations, and administrative interpretations by the commission shall be given great weight by the courts to carry out the purposes and objectives of the provisions of Chapter 475, and Certiorari shall not be granted unless it clearly appears that the Petitioner has been denied a substantial constitutional or statutory right. It is the intention of the legislature hereby to provide for effective administrative regulation and enforcement of a high standard of conduct in the real estate profession and industry in the State of Florida for the protection of the public.”

. “No real estate broker or salesman shall place, or cause to be placed, upon the public records of any county, any contract, assignment, deed, will, mortgage, lien, affidavit, or other writing which purports to affect the title of, or encumber, any real property, if the same is lenown to Mm to be false, void, or not authorized to be placed of record, or not executed in the form entitling it to be recorded, or the execution or recording whereof has not been duly authorized by the owner of the property, maliciously or for the purpose of collecting a commission, or to coerce the payment of money to the broker or saleman or other person, or for any unlawful purpose.” (Emphasis added)