OWEN, Judge.
Petitioner, a registered real estate salesman, seeks writ of certiorari to have reviewed a final order of the respondent, Flordia Real Estate Commission, adjudging petitioner guilty of violating F.S.1967, Section 475.25(1) (a), F.S.A., and ordering her registration as a real estate salesman suspended for a period of 90 days.
When formal charges were filed against petitioner, the commission appointed a hearing examiner pursuant to F.S.1967, Section 475.27, F.S.A., to take the testimony and to make a recommended order containing recommended findings of fact and conclusions of law. The recommended order contained recommended findings of fact, upon which the hearing examiner recommended that petitioner be found not guilty of violating F.S.1967, Section 475.-25(1) (a), F.S.A., but that she be severely criticized for the careless manner in which she had acted.
Exceptions to the examiner’s recommendations were filed by the respondent Boyd. After a hearing on the recommended order and the exceptions filed by Boyd, the commission adopted the findings of fact recommended by the examiner, and also made its own supplemental findings of fact from the record. The commission then *31 concluded, contrary to the hearing examiner’s recommended conclusions of law, that the petitioner was guilty of the violations charged in the information.
Simply stated, the questions presented are (1) whether the commission had authority to make its own findings of fact based on the transcript of the proceedings had before the hearing examiner, and (2) if so, what weight such findings of fact should have on review by certiorari in this court.
The legislature has authorized the commission to appoint a hearing examiner to hear and report the evidence that may be offered upon issues of material fact.[1] The hearing examiner’s powers, clearly limited by statute,[2] do not include the power to enter a final order. He is empowered to make a recommended order with recommended findings of fact to be submitted to the commission.
The commission then holds a further hearing and makes its final order which, when the matter is contested, must contain the commission’s findings of fact upon which the order is based.[3] As was noted by the court in Thorn v. Florida Real Estate Commission, Fla.App.1962, 146 So.2d 907, the statute makes no provision for, not does it give any force or effect to the findings of the examiner. With the hearing examiner’s powers being expressly limited to the making of recommended findings of fact, and with the commission being statutorily charged with the duty of making findings of fact, it is our opinion that the commission may make its findings of fact on the basis of the record of the hearing before the hearing examiner who alone heard the witnesses testify and observed their demeanor.
We turn now to the question of the weight which the commission’s findings of fact should have on review by certiorari in this court. Had the testimony been taken before the commission, so that its members personally heard the witnesses and observed their demeanor, there would be no problem. All courts seem in accord that the scope of review would be limited as announced by the Supreme Court in De Groot v. Sheffield[4] as follows:
“ * * * In certiorari the reviewing court will not undertake to re-weigh or evaluate the evidence presented before the tribunal or agency whose order is under examination. The appellate court merely examines the record made below to determine whether the lower tribunal had before it competent substantial evidence to support its findings and judgment which also must accord with the essential requirements of the law. * * * ”
The problem occurs when there has been an intervening hearing examiner who hears the witnesses and observes their demeanor, whose recommended findings of fact are overruled by the commission solely on the basis of the transcript of testimony supplied by the examiner. Beginning with the Graham [5] case in 1960, there has developed since that time a line of cases[6] holding that under such circumstances, the reviewing court is in just as advantageous position to make its finding as was the commission. We must decline to follow these cases for reasons hereafter stated. The lack of uniformity of opinion on this issue is unfortunate, and one court has already made *32 the observation that the adjudicated cases are in hopeless conflict.[7]
In 1951 our Supreme Court made it clear, in the case of United States Casualty Co. v. Maryland Casualty Company, Fla.1951, 55 So.2d 741, that the competent, substantial evidence rule applied to the findings of fact of the administrative agency or individual which was charged by law with the responsibility for the making of findings of fact and the entry of an order thereon. In the cited case, the court noted that prior to the 1941 amendments to the Workmen’s Compensation Act, the Industrial Commission itself was charg ed with the responsibility of making findings of fact and entering its compensation order [even though a Deputy Commissioner could conduct a hearing], and consequently the commission’s findings of fact were not disturbed on appellate review if there was competent, substantial evidence to support the same. However, the 1941 amendments to the Workmen’s Compensation Act made it mandatory for the Deputy Commissioner not only to conduct the hearing, but also to make findings of fact and to enter the appropriate order. The court recognized that the statutory duty to make the initial findings of fact and enter the initial order having been shifted from the Industrial Commission to the Deputy Commissioner, the competent, substantial evidence rule would thereafter apply to the Deputy Commissioner’s orders when the same where reviewed by the Industrial Commission. Applying such principle to the case at bar, and having already recognized that it is the commission rather than the hearing examiner which is charged by law to make the initial findings of fact and enter appropriate order, the “competent, substantial evidence rule” applies to the commission’s findings of fact, not the hearing examiner’s recommended findings of fact.
The view we express is in accord with that of the federal courts on this same issue arising in Federal Administrative Agency hearings[8] and is also in accord with the view expressed by a leading writer on administrative law.[9] Finally, if our view needs further fortification, the legislature has by statute expressly provided that the findings of fact of the commission shall have the same force and effect as the findings of a general master in chancery,[10] i. e., that such findings are not to be disturbed unless clearly erroneous because unsupported by competent, substantial evidence.[11]
In the light of the foregoing principles we have examined the record in this case and find that it contains competent, substantial evidence to sustain the findings of fact made by the commission and set forth in the order under review. Petitioner has failed to demonstrate that the commission abused its discretion or deviated from the essential requirements of law, and the petition for wirt of certiorari is therefore denied.
Petition denied.
WALDEN, C. J., and REED, J., concur.

. F.S.1967, Section 475.27, F.S.A.; F.S. 1967, Chapter 120, F.S.A.

. F.S.1967, Chapter 120, F.S.A.

. F.S.1967, Section 475.31(1), F.S.A.; F. S.1967, Section 475.31(4), F.S.A.

. De Groot v. Sheffiled, Fla.1957, 95 So.2d 912.

. Graham v. Florida Real Estate Commission, Fla.App.1960, 119 So.2d 88.

. Condermann v. Potter, Fla.App.1961, 126 So.2d 743; Fry v. Benson, Fla.App.1961, 132 So.2d 617; Hoffman v. Condermann, Fla.App.1962, 146 So.2d 776. See also Ward v. Florida Real Estate Commission, Fla.App.1962, 141 So.2d 811.

. Brod v. Jernigan, Fla.App.1966, 188 So.2d 575.

. Universal Camera Corp. v. N.L.R.B., 1951, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456; Federal Communications Commission v. Allentown Broadcasting Corp., 1955, 349 U.S. 358, 75 S.Ct. 855, 99 L.Ed. 1147.

. 2 Davis, Adm.Law, Section 10.03 et seq.

. F.S.1967, Section 475.31(4), F.S.A.

. Hannon v. Harmon, Fla.1949, 40 So.2d 209.