592 P.2d 375

**WESTERN GILLETTE, INC., and Arizona Tank Lines, Inc., Appellants,**

v.

**The ARIZONA CORPORATION COMMISSION and Kunkle Transfer & Storage Co., Appellees.**

**No. 1 CA–CIV 4073.**

Court of Appeals of Arizona, Division 1, Department B.

Jan. 30, 1979.

Rehearing Denied March 7, 1979.

Norling, Rolle, King & Oeser by George S. Livermore, Phoenix, for appellant Western Gillette, Inc.

Evans, Kitchel & Jenckes, P.C. by Earl H. Carroll, Phoenix, for appellant Arizona Tank Lines, Inc.

John A. LaSota, Jr., Former Atty. Gen. by Michael M. Grant, Asst. Atty. Gen., Phoenix, for appellee The Arizona Corp. Commission.

Shimmel, Hill, Bishop & Gruender, P.C. by Williby E. Case, Jr., Phoenix, for appellee Kunkle Transfer & Storage Co.

## OPINION

SCHROEDER, Presiding Judge.

This is an appeal from the trial court's affirmance of a 1976 Corporation Commission order approving rates for the transportation of petroleum products by appellee, Kunkle Transfer & Storage Co. (Kunkle). Before the Corporation Commission, appellants, Arizona Tank Lines and Western Gillette, had unsuccessfully challenged Kunkle's authority to carry such products under its Certificate of Convenience and Necessity.

The principal issues before the Corporation Commission were whether Kunkle had ever had such authority under its certificate, whether any such authority should be deemed abandoned through dormancy, and the economic impact of Kunkle's entry into the field.

Although all these issues have been presented in this appeal, we find it unnecessary to reach their merits. Reversal is required because of flagrantly improper ex parte communications which occurred between Kunkle's counsel and Corporation Commission staff while the matter was pending before the Commission.

This was a quasi-judicial, adjudicatory proceeding before the Corporation Commission in which appellants and Kunkle were adverse parties. The Commission held full evidentiary hearings. While the matter was under advisement, Corporation Commission staff conferred with counsel for Kunkle. Staff requested and received two proposed forms of decision from that counsel. One of these forms was later issued in August, 1976, as the Commission's decision, which is the subject of this appeal.

Appellants raised the propriety of this conduct in a motion for rehearing following the issuance of the Commission's decision. The issue was also raised in the trial court and the parties stipulated to Kunkle's ex parte participation in the decision. Nevertheless, the Commission, despite a staff recommendation for rehearing, declined to reconsider the matter, and the trial court affirmed. In oral argument before this Court counsel for appellee Kunkle, who was not personally involved in the questioned proceedings before the Corporation Commission, forthrightly described the nature of the ex parte communications. While we approve of the candor which appellee's counsel has shown following the Commission's decision, we cannot condone the ex parte conduct which preceded it.

The participation in the actual decision making process by only one party to a controversy is inimical to the notions of fairness which underlie the due process of law. The United States Supreme Court has categorically stated that a "fair hearing" is denied in quasi-judicial administrative pro-

ceedings when the finder of fact reaches his decision after ex parte communications from one side. *Morgan v. United States,* 304 U.S. 1, 58 S.Ct. 773, 82 L.Ed. 1129 (1938). In condemning such a practice, the Court stated:

. . . [I]n administrative proceedings of a quasi-judicial character the liberty and property of the citizen shall be protected by the rudimentary requirements of fair play. These demand 'a fair and open hearing,' essential alike to the legal validity of the administrative regulation and to the maintenance of public confidence in the value and soundness of this important governmental process. 58 S.Ct. at 775 . . . .. Congress, in requiring a 'full hearing,' had regard to judicial standards—not in any technical sense but with respect to those fundamental requirements of fairness which are of the essence of due process in a proceeding of a judicial nature. If in an equity cause, a special master or the trial judge permitted the plaintiff's attorney to formulate the findings upon the evidence, conferred ex parte with the plaintiff's attorney regarding them, and then adopted his proposals without affording an opportunity to his opponent to know their contents and present objections, there would be no hesitation in setting aside the report or decree as having been made without a fair hearing. The requirements of fairness are not exhausted in the taking or consideration of evidence, but extend to the concluding parts of the procedure as well as to the beginning and intermediate steps. 58 S.Ct. at 777.

This principle is now embodied in the Federal Administrative Procedure Act which provides that

no member of the body comprising the agency, administrative law judge, or other employee who is or may reasonably be expected to be involved in the decisional process of the proceeding, shall make or knowingly cause to be made to any interested person outside the agency an ex parte communication relevant to the merits of the proceeding. 5 U.S.C. § 557(d)(1)(B).

While our State Administrative Procedure Act contains no precise counterpart, it does make clear that in contested cases, all parties should have the opportunity to present evidence and argument on all issues involved, and that findings must be based exclusively on the evidence and on matters officially noticed. A.R.S. § 41–1009.

Kunkle's ex parte conduct in this case occurred before any Commission decision had been reached. Such interference with due process is even more serious than the practice of having the prevailing party prepare the opinion after the decision has been announced but without opportunity for objections from the other side. That practice itself has been disapproved, *e. g. Chicopee Manufacturing Corp. v. Kendall Co.,* 288 F.2d 719 (4th Cir. 1961). Due process is preserved in our Arizona Rules of Procedure by the requirements of notice and lodging embodied in Rule 58(d), Arizona Rules of Civil Procedure. No notice, lodging, or opportunity for rebuttal of any kind was afforded appellants here. We know of no authority or justification sanctioning the procedures followed at the Commission in this case.

While we do not reach the other issues raised on appeal, we are aware that our decision may result in further proceedings before the Corporation Commission. In such proceedings, we believe that, at the very least, the staff involved in the preparation of the Commission's previous decision in this matter should be disqualified from any participation. In addition, we note that appellants have argued that the trial court erred in failing to admit evidence bearing on economic impact following the issuance of the Corporation Commission's decision. This is now moot, since such evidence would be admissible in any further proceedings before the Commission. Finally, we are aware that for approximately 30 years following issuance of the certificate in question, there was no attempt to haul petroleum products under it. We have serious reservations about whether, assuming arguendo that the certificate did authorize

such hauling, that authority is still viable in the light of the long period of dormancy.

The judgment of the Superior Court is reversed with instructions to enter an order setting aside the order of the Corporation Commission.

OGG, C. J., and JACOBSON, J., concur.