374 So.2d 40 (1979)
Charles J. ASTORE, Jr., Richard H. White, Marian Malt, and Eli Parks, Appellants,
v.
FLORIDA REAL ESTATE COMMISSION, Appellee.
Nos. 78-1333, 78-1342, 78-1344 and 78-1352.
District Court of Appeal of Florida, Third District.
July 17, 1979.
Rehearing Denied September 11, 1979.
*41 Horton, Perse & Ginsberg and Arnold R. Ginsberg, Ronald L. Fried, Miami, Stanley M. Brody, Miami Beach, Ainslee R. Ferdie, Coral Gables, for appellants.
Howard Hadley, Orlando, and Manuel E. Oliver, Altamonte Springs, for appellee.
Before PEARSON, HENDRY and HUBBART, JJ.
HENDRY, Judge.
Appellants were each charged by administrative complaints with violations of § 475.25, Florida Statutes, the complaints having been filed by appellee, the Florida Real Estate Commission. The crux of the charges was that each of the individual appellants, registered real estate salespersons, had participated in solicitation by telephone and mail, for a fee, involving real estate listings from non-resident owners of real property located in Florida upon the representations that bona fide efforts would be made to sell the properties so listed, and that the representations were false and known to be false and made for the purpose of inducing said property owners to pay a listing fee in violation of § 475.25(1)(a). Further allegations were that by reason of the foregoing the individual real estate salespersons were guilty of a course of conduct or practice which showed that they each were so dishonest and untruthful that the money, property, transactions and rights of investors with whom they sustained a confidential relationship were not able to be safely entrusted to them. The proceedings continued from hearings before the respective hearing officers through the final hearings before the appellee-commission, pursuant to the Administrative Procedure Act, Chapter 120, Florida Statutes. Ultimately, each appellant herein was found guilty and their respective real estate sales registrations were suspended or revoked; final orders were entered by the appellee-commission which are the subject matter of this consolidated appeal. Since there are various and distinct points raised by the appellants, we shall discuss them separately where necessary.

*42 CHARLES J. ASTORE, JR.
Appellant was charged with violations of Chapter 475. The hearing officer conducted a hearing after which he filed a recommended order finding Astore not guilty of the charges. Exceptions were filed by the appellee; a commission hearing on the exceptions to the hearing officer's recommended order was held and a final order subsequently entered. The final order adjudged Astore guilty and imposed a one-year suspension of his license to act as a real estate salesman.
Astore, by and through counsel, filed a notice of appeal with this court contending lack of proper notice and that there was insufficient evidence to support the commission's order. However, we cannot reach the merits of this appeal, since appellant's counsel filed a motion to withdraw from the cause which we granted, based upon the grounds stated in the motion. Appellant did not thereafter retain new counsel or proceed in proper person. Since appellant has wholely failed to demonstrate error, we affirm the order of the commission.

MARIAN MALT
This appellant was employed by a now-defunct corporation known as International Land Services Chartered, Inc.; she was a registered real estate salesperson who acted as a "listing solicitor" for a fee by calling out-of-state owners of Florida real property. The record shows that several of the out-of-state owners testified, inter alia, that Malt represented to them that she and the real estate broker corporation had been instrumental in selling property in Florida for other similar owners; that she could sell the Florida properties within six months to a year for prices several times higher than the prices originally paid by the owners; that the owners were told that they would receive a warranty bond to guarantee full compliance by the broker corporation with the listing contract; that great emphasis was placed on the efforts to be made to sell the property and on the refund of the listing fee to the owner when the property was sold and the broker corporation earned a ten percent commission on the sale. The appellant's own testimony reveals that she worked at International Land Services Chartered, Inc. for nearly two years, working five days a week from 6:30 P.M. until 10:30 P.M.; that she and others working there obtained listings of properties only; that she received compensation for each listing obtained; that she made no efforts to sell the listed properties; that there were no other salespersons employed by the corporation who did saleswork in regard to the listed properties.
Based upon Malt's admissions, the documentary and testimonial evidence, the hearing officer found her guilty of misrepresentation, fraud, concealment and misconduct constituting a course of conduct which showed that she could not be entrusted with money, property, transactions and rights of investors with whom she had sustained a confidential relationship. The hearing officer's recommended order found that Malt's registration should be revoked; the commission adopted the recommended order, found her guilty of violating §§ 475.25(1)(a) and 475.25(3), and revoked her registration to sell real estate.
On appeal this appellant contends that scienter, a necessary element of the alleged violations,[1] was lacking, since there was no competent, substantial evidence to show that Malt knew or should have known that the broker would not "follow through" on the sales promoted or that such efforts were not, in fact, made. The hearing officer and the commission found that appellant's extensive practical experience in the real estate business (consisting of fifteen years in Pennsylvania and five years in Florida), the testimony of the out-of-state owners, and appellant's own testimony to the effect that she made no efforts to sell *43 and that she knew that her employer had no sales staff clearly worked to contradict any assertion that she was an unknowing participant in the scheme. We have examined the record matter to determine (a) whether the instant agency had before it competent, substantial evidence upon which to support its findings and conclusions, and (b) to determine whether it acted in accord with the applicable principles of law, as these are the functions of our appellate courts when reviewing administrative agency orders. De Groot v. Sheffield, 95 So.2d 912 (Fla. 1957) and Scheuerman v. Florida Real Estate Commission, 215 So.2d 29 (Fla. 4th DCA 1968). The instant record clearly supports the findings and conclusions, and the commission complied with the applicable principles of law. We affirm the agency order.

ELI PARIS and RICHARD H. WHITE
Among the points raised by these two appellants, the crucial one states that the commission erroneously relied upon impermissible hearsay evidence during the course of its hearings and that in so doing it committed reversible error in overruling the respective hearing officer's refusal to allow admission of the certain documentary evidence.
The hearing officers who conducted the separate hearings on the charges lodged against Paris and White issued recommended orders to the effect that no action should be taken against these salesmen. Exceptions were filed by the commission's counsel, and after hearings, the commission issued its orders which: adopted the hearing officers' findings of facts to the extent that they were not inconsistent with the commission's additional findings of fact; reflected that the commission overruled the hearing officers' decisions as to the admissibility of documentary evidence; rejected the hearing officers' recommendations; and found appellants guilty of having violated §§ 475.25(1)(a) and 475.25(3).
The specific documentary evidence about which the commission's counsel filed its exceptions to the recommended orders of the hearing officers (who found said evidence inadmissible) consisted of certified copies of the administrative complaint, recommended order and final order issued by the commission in the case of Jack King v. Allen J. Schackett and International Land Services Chartered, Inc., as well as a certified copy of the order of this court denying review by certiorari. See Schackett v. Florida Real Estate Commission, 348 So.2d 970 (Fla. 3d DCA 1977). The detailed findings of fact from which the hearing officer concluded that the representations made by International Land Services Chartered, Inc. and its real estate broker, Schackett, were false and made for the sole purpose of inducing property owners to pay a listing fee in advance of the property being sold, were adopted by the commission in its final order. Also adopted were those findings which allowed it to be concluded that the provisions in the listing agreements whereby International Land Services Chartered, Inc. agreed to "direct the efforts of [its] organization to bring about the sale of the property" were flagrantly violated as "no real effort to sell the listed property was ever made or attempted."
In the cases sub judice, the findings and conclusions made by the commission in the subject final orders were properly supported by the testimony of each of the two appellants, Paris and White, as well as by others in the organization who had been employed as salespersons by the real estate broker, Shackett, who operated International Land Services Chartered, Inc. The record reveals that there was testimony by several witnesses who had paid the advance fees upon the representations made to them that bona fide efforts would be made to sell their properties, which were not sole or even the subjects of attempts to sell; that each of these appellants received compensation for participating in the operation, based upon the advance listing fee revenues, not upon sales commissions (as there were no sales).
The issue of admissibility of evidence in administrative hearings has been addressed on numerous occasions, it has been answered *44 thusly in Woodham v. Williams, 207 So.2d 320 (Fla. 1st DCA 1968), at 323:
"It is the settled law of this state that administrative hearings before state agencies are relatively informal in character and not controlled by strict or technical rules of evidence and procedure."
The Administrative Procedure Act, specifically § 120.58(1)(a), Florida Statutes, provides that:
"... evidence of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs shall be admissible, whether or not such evidence would be admissible in a trial in the courts of Florida ... Hearsay evidence may be used for the purpose of supplementing or explaining other evidence."
It is manifestly clear from a careful review of the records pertaining to each appellant's case that there was competent, substantial evidence to support the findings and conclusions of the commission in regard to Paris and White  over and above the allegedly "inadmissible" Shackett case documentary evidence. Thus, the said evidence, which was found to be "hearsay" and inadmissible by the hearing officers and subsequently found to be admissible by the commission, is shown by the record to constitute "supplementary" or "explanatory" material, pursuant to § 120.58(1)(a).
Since the respective records affirmatively disclose that there was competent, substantial evidence, which, when considered in a light most favorable to the prevailing party, do amply support the orders herein under review, and since there have been no departures by the agency from the applicable principles of law, we hereby affirm the final orders of the Florida Real Estate Commission.
The orders are affirmed in all respects.
NOTES
[1] See Glasser v. Florida Real Estate Commission, 117 So.2d 761 (Fla. 3d DCA 1960) and Brod v. Jernigan, 188 So.2d 575 (Fla. 3d DCA 1966), where "scienter" is defined as "knowingly, to signify guilty knowledge", and is an integral element of making "false promises" or committing a "breach of trust."