422 So.2d 905 (1982)
CITY OF UMATILLA, Etc., Appellant,
v.
PUBLIC EMPLOYEES RELATIONS COMMISSION, et al., Appellees.
No. 81-1124.
District Court of Appeal of Florida, Fifth District.
September 29, 1982.
Rehearing Denied December 9, 1982.
Richard W. Hennings of Cauthen, Robuck & Hennings, P.A., Tavares, for appellant.
*906 Vernon Townes Grizzard, Deputy Asst. Gen. Counsel, Public Employees Relations Com'n, Tallahassee, for appellee Public Employees Relations Com'n.
Gene "Hal" Johnson, Tallahassee, for appellees Florida Police Benev. Ass'n, Inc., and Roggelin.
ORFINGER, Chief Judge.
The City of Umatilla appeals from an order of the Public Employees Relations Commission overturning the findings of its hearing officer and ordering the reinstatement of a police officer because of his discharge for protected union activity. We reverse.
Patrolman Eugene Roggelin was suspended from the Umatilla police force for alleged "insubordination." Following a hearing held at his request before a complaint review board[1] which recommended that he resign or be fired, the City discharged him.
Roggelin and the Volusia County Police Benevolent Association (PBA) of which Roggelin was a member, filed an unfair labor practice charge with Public Employees Relations Commission (PERC), alleging that Roggelin had been discharged because of his involvement in protected union activities; that the disciplinary action had been motivated by anti-union animus and not for the reasons specified in the discharge notice, and that the City had therefore violated sections 447.501(1)(a) and (b), Florida Statutes (1979).[2]
An evidentiary hearing was conducted before a PERC hearing officer who issued a recommended order making findings of fact and concluding that the unfair labor practice charge be dismissed. In his order, the hearing officer found that Roggelin was an enthusiastic, vocal and active PBA supporter, and that his pro-PBA views were well known to all members of the police department and senior city officials. The hearing officer found that Roggelin was a problem police officer in both his individual capacity and as a PBA representative, and that the City had ample non-prohibited grounds for his suspension and discharge. The hearing officer noted that the basic issue in the case is whether the City was motivated by anti-union animus in suspending and discharging Roggelin and he answered this issue by finding that the burden on the charging party of showing that the protected activities were a motivating factor in the City's decision to terminate employment was not *907 met here. He concluded that while Roggelin did engage in protected activity as a PBA representative, this protection did not cover his disrespectful and insubordinate acts toward the chief and assistant chief.
Acting on exceptions to the hearing officer's report, PERC reversed that ruling and ordered Roggelin's reinstatement with back pay and attorney's fees. The commission rejected the hearing officer's findings in several areas, and also rejected his ultimate finding on the issue of motivation. The commission said that the hearing officer had failed to make a number of relevant findings of evidentiary fact from undisputed testimony. The commission also stated that the hearing officer failed to apply the appropriate standard of proof, specifically failing to take into account circumstantial evidence which the commission felt bore heavily on the issue of motivation for discharge. The commission rejected the hearing officer's ultimate finding of motivation and found that indeed, the City had violated section 447.501(a) and (b).
The primary issue for review is whether the Commission erred in substituting its own findings of fact for those of the hearing officer. Appellant contends that it did. Put another way, was there substantial competent evidence to support the findings of fact of the hearing officer, and if so, did the agency, not having heard the case, have the right to reject those findings and substitute its own?[3]
An agency has no power to reject or modify the hearing officer's findings of fact unless the agency first determines that the findings were not based upon competent substantial evidence or that the proceedings in which the findings were based did not comply with the essential requirements of the law. See International Brotherhood of Painters and Allied Trades v. Anderson, 401 So.2d 824 (Fla. 5th DCA), rev. denied, 411 So.2d 382 (Fla. 1981). The commission here found that some of the hearing officer's findings, including that of motivation, were not based on competent substantial evidence and rejected those findings, substituting its own.
As we see it here, the Commission drew different inferences from the disputed or admitted facts and therefore arrived at different conclusions. The hearing officer found that non-prohibited grounds were the substantial or motivating causes for the city's action. The Commission discarded this finding, concluding that the union activity was the real motivation for the discharge. We hold that PERC did not follow established principles of law when it discarded findings of its hearing officer which were supported by competent substantial evidence. That PERC might have reached a different result had it heard the evidence does not authorize it to discard the hearing officer's findings. See Gruman v. Department of Revenue, 379 So.2d 1313 (Fla. 2d DCA 1980); Pasco County School Board v. Florida Public Employees Relations Commission, 353 So.2d 108, 115 (Fla. 1st DCA 1977).
The Commission relies heavily on McDonald v. Dept. of Banking & Finance, 346 So.2d 569 (Fla. 1st DCA 1977), claiming special insight into the facts and conclusions which determine the issues of motivation here. McDonald commented on the apparent conflict between section 120.57(1)(b)9 (the scope of review by the agency) and section 120.68(10) (the scope of review by the court of the agency's substituted findings of fact), and said:

*908 In determining whether substantial evidence supports the agency's substituted findings of fact, a reviewing court will naturally accord greater probative force to the hearing officer's contrary findings when the question is simply the weight or credibility of testimony by witnesses, or when the factual issues are otherwise susceptible of ordinary methods of proof, or when concerning those facts the agency may not rightfully claim special insight. At the other end of the scale, where the ultimate facts are increasingly matters of opinion and opinions are increasingly infused by policy considerations for which the agency has special responsibility, a reviewing court will give correspondingly less weight to the hearing officer's findings in determining the substantiality of evidence supporting the agency's substituted findings.
McDonald, 346 So.2d at 579.
We need not decide whether we agree with McDonald's analysis of the interplay between sections 120.57(1)(b)9 and 120.68(10). McDonald adopts the standard of judicial review found in Universal Camera v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951), without commenting on the obvious differences between the federal statute[4] and section 120.57(1)(b)9, the statute dealing with the scope of agency review of a hearing examiner's report. Be that as it may, the Commission has not met the McDonald test.
The testimony before the hearing officer was disputed and in conflict. Various inferences could be drawn from it. The principal dispute was whether Roggelin had truly been insubordinate and disrespectful to his superior officers, or whether the City was merely raising that as a smokescreen to hide the fact that Roggelin's superiors did not like his union activities, and that this was the real reason for his discharge. There is nothing special or unique about a dispute of this kind. Questions of motive and intent are found in a variety of civil and criminal disputes, and the trier of fact is frequently called upon to resolve those issues along with others. Neither is there anything unusual in the rule that the findings of the trier of fact will not be overturned by the reviewer if there is competent substantial evidence to support them. There is competent substantial evidence to support the findings of the hearing officer in this case. It may be said that there is also competent substantial evidence to support the findings of the Commission, but that is not the test here. The controlling statute, section 120.57(1)(b)9, plainly proscribes the rejection of the hearing officer's findings of fact where those findings are supported by competent substantial evidence. Pasco County, 353 So.2d at 115.
The Commission also relies on Scheuerman v. Florida Real Estate Commission, 215 So.2d 29 (Fla. 4th DCA 1968), as authority for the proposition that the Commission has the duty to make findings of fact from the record, notwithstanding the findings of the hearing examiner who alone heard the witnesses testify and observed their demeanor. Scheuerman is based on the holding in Thorn v. Florida Real Estate Commission, 146 So.2d 907 (Fla. 2d DCA 1962), wherein it was observed that section 475.31(4), Florida Statutes, as then applicable, made no provision for, nor did it give any force or effect to, findings of the examiner. These cases are inapposite here. The statutes relied on have either been repealed or amended and the procedural parts of those sections are now embodied in Chapter 120, the Administrative Procedure Act. Section 120.57(1)(b)9 specifically prohibits the agency from rejecting or modifying the findings of fact of the examiners unless they are not based on substantial competent evidence.
*909 The order of the Public Employees Relations Commission is vacated, and the cause is remanded for entry of a final order consistent herewith.
VACATED and REMANDED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] Section 112.532, Fla. Stat. (1979):

All law enforcement officers employed by any employing agency shall have the following rights and privileges:
(2) Complaint review boards.  A complaint review board shall be composed of three members: One member selected by the chief administrator of the agency; one member selected by the aggrieved officer; and a third member to be selected by the other two members. Agencies having more than 100 law enforcement officers shall utilize a five-member board with two members being selected by the administrator, two members being selected by the aggrieved officer, and a fifth member being selected by the other four members. The board members shall be law enforcement officers selected from any state, county, or municipal agency within the county.
We refer to this hearing only to report the chronology of events as they took place. See City of Hallandale v. Inglima, 346 So.2d 84 (Fla. 4th DCA 1977) which approves the opinion of the Attorney General, 076-38 AGO, that the complaint review board is advisory only. The referenced opinion of the Attorney General also says:
Nowhere in that section [112.532(2)] or in any other section of Part VI of Ch. 112, F.S., are there any provisions denoting or establishing any powers, duties, or functions for such complaint review board. Neither does the title to the enabling legislation, Ch. 74-274, Laws of Florida, throw any illumination on the legislative intent and purpose pertinent to this legislation. It is of interest that the courts have expressed their difficulty in ascertaining the powers and functions of the board and have complained of the vagueness of the statute.
[2] § 447.501, Fla. Stat. (1979):

(1) Public employers or their agents or representatives are prohibited from:
(a) Interfering with, restraining, or coercing public employees in the exercise of any rights guaranteed them under this part.
(b) Encouraging or discouraging membership in any employee organization by discrimination in regard to hiring, tenure, or other conditions of employment.
[3] Section 120.57(1)(b)9, Fla. Stat., states as follows:

The agency may adopt the recommended order as the agency's final order. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules and the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. The agency may accept or reduce the recommended penalty in a recommended order, but may not increase it without a review of the complete record. In the event a court reverses an agency's order, the court in its discretion may award attorney's fees and costs to the aggrieved party.
[4] 5 U.S.C.A. sec. 557(b) says in pertinent part:

When the presiding employee makes an initial decision, that decision then becomes the decision of the agency without further proceedings unless there is an appeal to, or review on motion of, the agency within time provided by rule. On appeal from or review of the initial decision, the agency has all the powers which it would have in making the initial decision except as it may limit the issues on notice or by rule. (emphasis added).