WENTWORTH, Judge.
This is an appeal from a final order of the Public Employees Relations Commission (PERC) which rejected the hearing officer’s recommended order. Because the final order improperly substitutes PERC’s findings of fact for those of the hearing officer, and applied an improper standard of proof, we reverse.
Appellant filed an unfair labor practice charge against Hillsborough Community College alleging that it wrongfully terminated or denied contract renewal to two non-tenured college employees because of their exercise of protected activities. More specifically, the charge alleged that the action against the employees was taken in retribution for their participation in a successful grievance proceeding against the college. The college denied the charges and an evidentiary hearing was, conducted before a Commission hearing officer.
Primarily through the testimony of the employees’ supervisor, the college attempted to show that the decision not to renew the employees was a legitimate management decision motivated by alleged student complaints, and lack of cooperation and credentials on the part of the employees. The hearing officer found that the asserted motivations were pretextual, after-the-fact justifications for the college’s illegal actions. Specifically, the hearing officer found the testimony of the instrumental administrator “less credible because of inconsistencies in his testimony.”
*595 Although some of the evidence may be susceptible of more than one construction, the case turns on issues strictly governed by the credibility of witnesses. The college’s witnesses testified to one version of the interaction between the administration and the employees, while the employees painted a very different picture. Thus, the question “is simply the weight or credibility of testimony by witnesses ... susceptible of ordinary methods of proof, ... when concerning those facts the agency may not rightfully claim special insight.” McDonald v. Department of Banking and Finance, 346 So.2d 569, 579 (Fla. 1st DCA 1977). Thus, PERC exceeded its authority in rejecting its hearing officer’s findings of fact. Nor is the scope of this court’s review, as PERC suggests in its brief, limited to a determination of whether its findings are supported by competent substantial evidence. Id.; see also Leapley v. Board of Regents, 423 So.2d 431 (Fla. 1st DCA 1983); and City of Umatilla v. PERC, 422 So.2d 905 (Fla. 5th DCA 1982). When the evidence is viewed in light of the hearing officer’s findings on the issue of witness credibility, the record competently and substantially supports his finding that the failure to renew was in retaliation for an exercise of protected activity.
In addition to rejecting the hearing officer’s factual determination, PERC rejected the standard of proof applied by the officer. Again, we conclude that PERC has erred. The applicable standards were set out in detail in Pasco County School Board v. Florida Public Employment Relations Commission, 353 So.2d 108 (Fla. 1st DCA 1978), in which this court held:
In order to determine whether the evidence sustains a charge alleging an unfair labor practice, when it is grounded upon an asserted violation of protected activity, the following general principles should be considered by the hearing officer and by PERC:
(1) In any such proceeding the burden is upon the claimant to present proof by a preponderance of the evidence that (a) his conduct was protected and (b) his conduct was a substantial or motivating factor in the decision taken against him by the employer.
(2) If the hearing officer determines the decision of the employer was motivated by a non-permissible reason, the burden shifts to the employer to show by a preponderance of the evidence that notwithstanding the existence of factors relating to protected activity, it would have made the same decision affecting the employee anyway. In considering the employer’s explanation, the examiner should attempt to strike an equitable balance between the rights of an employer whose duty, as here, is to promote the efficiency of public services through its public employees, and the rights of a nontenured public school teacher to be secure in his employment, free from discrimination due to his union activity, (e.s.) [footnotes omitted]
Id. at 117. Based upon his determination of the witnesses’ credibility, the hearing officer found that the appellants showed by a preponderance of the evidence that the employees protected conduct was a substantial or motivating factor in the decision taken against them by the employer. The burden then shifted to the employer to show by a preponderance of the evidence that it “would have made the same decision affecting the employee anyway.” Id. Again, the hearing officer’s determination of the credibility issue resulted in the finding that the employer did not make the requisite showing. The hearing officer thoroughly analyzed each of the reasons propounded by the employer as grounds for its actions and discredited all by evidentiary evaluation within his prerogatives.[1] While he might have reached a different conclusion, as did PERC, there is evidence supporting the ex *596 aminer’s findings and the balance was legally struck in favor of the employees.
PERC’s contention that the entire burden remains upon employees to show that but for the protected activity they would not have been fired (including negation of other asserted grounds) is simply untenable under Pasco, supra.[2] When the employee presents a prima facie case of illegal activity, the burden shifts for the purposes explained in the recommended order herein. Nor does the fact that the evidence is susceptible of more than one construction mean that the employee fails to meet the requisite burden. When as here the evidence may be construed as supporting the hearing officer’s factual determinations, PERC may not substitute its findings simply because it would have resolved the factual questions differently. McDonald, Leapley, City of Umatilla, supra.
The final order is accordingly reversed and the case is remanded for proceedings consistent herewith.
LARRY G. SMITH and JOANOS, JJ., concur.

. The order reads, in pertinent part:
In such a case, the test is now well settled. The Charging Party has the burden to prove that the protected activities were the motivating factor behind the Respondent’s decision. Pasco County School Board v. PERC, 353 So.2d 108 (Fla. 1st DCA 1978); Volusia County Police Benevolent Association v. City of Umatilla, 7 FPER ¶ 12346 (1981). Where the Charging Party meets his burden of establishing this unlawful motivation by a preponderance of the evidence, the Respondent then has the opportu *596 nity to demonstrate that notwithstanding the protected activity, the same decision would have been reached. Pasco County, supra; City of Umatilla, supra. In the event that Respondent meets that burden, the Charging Party is then given the opportunity to demonstrate that the reasons advanced by the Respondent are merely pretextual.
• ... Where, as here, that protected activity is a substantial motivating factor behind an employer’s decision, the discriminatees have proved a prima facie case of a violation of Sections 447.501(l)(a) and (b), Florida Statutes (1981).
Having concluded that Ehringer’s motivation was unlawful, I must next examine whether the same results would have been reached notwithstanding the grievance. I find that the College has failed to meet its burden of proof to establish this defense.
... [I]t is not enough simply to inquire whether there existed reasons which, absent allegations of unlawful motivation, could support the suspension and discharge. City of Umatilla, supra.... Rather, the well-established standard of proof of motivation ... requires that:
The circumstances surrounding the alleged misconduct, the inferences to be drawn from the testimony and actions evidenced in the record and the soundess of these allegations when tested against such circumstances and inferences shall be the primary focus ... to weigh the record evidence and determine whether the reasons offered by an employer in support of its actions were actually motivated by legitimate business considerations or were the reasons given merely pretextual in nature.
City of Umatilla, supra (emphasis supplied), quoting Columbia County Transportations and Maintenance Workers Association v. Columbia County School Board, 3 FPER 58, 61 (1977), aff’d, 353 So.2d 127 (Fla. 1st DCA 1977).

. PERC’s order concludes “.. . an employer is under no obligation to affirmatively prove the dominance of the articulated legitimate reasons.” In addition to the quoted conflicting language from the Pasco opinion, we note most recently the U.S. Supreme Court’s restatement of the controlling principle in this situation to the effect that “the burden would be on the defendant to show by a preponderance of the evidence that he would have reached the same decision even if, hypothetically, he had not been motivated by a desire to punish plaintiff for exercising his First Amendment rights.” NLRB v. Transportation Management Corp., -U.S. -, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983).