ON REHEARING GRANTED
NESBITT, Judge.
The issue we confront is the effect of an ex parte communication upon a decision emanating from a quasi-judicial proceeding of the Dade County Commission. We hold that upon proof that a quasi-judicial officer received an ex parte contact, a presumption arises, pursuant to section 90.304, Florida Statutes (1989), that the contact was prejudicial. The aggrieved party will be entitled to a new and complete hearing before the commission unless the defendant proves that the communication was not, in fact, prejudicial. For the reasons that follow, we quash the order under review with directions.
Respondent Schatzman applied for a variance to permit him to operate a quick oil change business on his property adjacent to that of petitioner Jennings. The Zoning Appeals Board granted Schatzman’s request. The county commission upheld the board’s decision. Six days prior to the commission’s action, a lobbyist Schatzman employed to assist him in connection with the proceedings registered his identity as required by section 2-ll.l(s) of the Dade County Ordinances. Jennings did not attempt to determine the content of any communication between the lobbyist and the commission or otherwise challenge the propriety of any communication prior to or at the hearing.
Following the commission order, Jennings filed an action for declaratory and injunctive relief in circuit court wherein he alleged that Schatzman’s lobbyist communicated with some or all of the county commissioners prior to the vote, thus denying Jennings due process both under the United States and Florida constitutions as well as section (A)(8) of the Citizens’ Bill of Rights, Dade County Charter. Jennings *1340 requested the court to conduct a hearing to establish the truth of the allegations of the complaint and upon a favorable determination then to issue an injunction prohibiting use of the property as allowed by the county. Based upon the identical allegations, Jennings also claimed in the second count of his complaint that Schatzman’s use of the permitted variance constituted a nuisance which he requested the court to enjoin. The trial court dismissed Count I of the complaint, against both Dade County and Schatzman. The court gave Jennings leave only against Dade County to amend the complaint and to transfer the matter to the appellate division of the circuit court. The trial court denied Schatzman’s motion to dismiss Count II and required him to file an answer. Jennings then timely filed this application for common law certiorari.
We have jurisdiction based on the following analysis. The trial court’s order dismissed Jennings’ equitable claim of non-record ex parte communications while it simultaneously reserved jurisdiction for Jennings to amend his complaint so as to seek common law certiorari review pursuant to Dade County v. Marca, S.A., 326 So.2d 183 (Fla.1976). Under Marca, Jennings would be entitled solely to a review of the record as it now exists. However, since the content of ex parte contacts is not part of the existing record, such review would prohibit the ascertainment of the contacts’ impact on the commission’s determination. This order has the effect then of so radically altering the relief available to Jennings that it is the functional equivalent of requiring him to litigate in a different forum. Thus, Jennings’ timely petition activates our common law certiorari jurisdiction because the order sought to be reviewed a) constitutes a departure from the essential requirements of law, and b) requires him to litigate a putative claim in a proceeding that cannot afford him the relief requested and for that reason does not afford him an adequate remedy. See Tantillo v. Miliman, 87 So.2d 413 (Fla.1956); Norris v. Southern Bell Tel. & Tel. Co., 324 So.2d 108 (Fla. 3d DCA 1960). The same reasoning does not apply against Schatzman. Nonetheless, because wé have jurisdiction, there is no impediment to our exercising it over Schatzman as a party.
At the outset of our review of the trial court’s dismissal, we note that the quality of due process required in a quasi-judicial hearing is not the same as that to which a party to full judicial hearing is entitled. See Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975); Hadley v. Department of Admin., 411 So.2d 184 (Fla.1982). Quasi-judicial proceedings are not controlled by strict rules of evidence and procedure. See Astore v. Florida Real Estate Comm’n, 374 So.2d 40 (Fla. 3d DCA 1979); Woodham v. Williams, 207 So.2d 320 (Fla. 1st DCA 1968). Nonetheless, certain standards of basic fairness must be adhered to in order to afford due process. See Hadley, 411 So.2d at 184; City of Miami v. Jervis, 139 So.2d 513 (Fla. 3d DCA 1962). Consequently, a quasi-judicial decision based upon the record is not conclusive if minimal standards of due process are denied. See Morgan v. United States, 298 U.S. 468, 480-81, 56 S.Ct. 906, 911-12, 80 L.Ed. 1288 (1936); Western Gillette, Inc. v. Arizona Corp. Comm’n, 121 Ariz. 541, 592 P.2d 375 (Ct.App.1979). A quasi-judicial hearing generally meets basic due process requirements if the parties are provided notice of the hearing and an opportunity to be heard. In quasi-judicial zoning proceedings, the parties must be able to present evidence, cross-examine witnesses, and be informed of all the facts upon which the commission acts. Coral Reef Nurseries, Inc. v. Babcock Co., 410 So.2d 648, 652 (Fla. 3d DCA 1982).[1]
The reported decisions considering the due process effect of an ex parte communication upon a quasi-judicial decision are conflicting. Some courts hold that an ex parte communication does not deny due process where the substance of the communication was capable of discovery by the complaining party in time to rebut it on the record. See, e.g., Richardson v. Perales, *1341 402 U.S. 389, 410, 91 S.Ct. 1420, 1431-32, 28 L.Ed.2d 842 (1971); United Air Lines, Inc. v. C.A.B., 309 F.2d 238 (D.C.Cir.1962); Jarrott v. Scrivener, 225 F.Supp. 827, 834 (D.D.C.1964). Other courts focus upon the nature of the ex parte communication and whether it was material to the point that it prejudiced the complaining party and thus resulted in a denial of procedural due process. E.g., Waste Management v. Pollution Control Bd., 175 Ill.App.3d 1023, 125 Ill.Dec. 524, 530 N.E.2d 682 (Ct.App.1988), appeal denied, 125 Ill.2d 575, 130 Ill.Dec. 490, 537 N.E.2d 819 (1989); Professional Air Traffic Controllers Org. (PATCO) v. Federal Labor Relations Auth., 685 F.2d 547, 564-65 (D.C.Cir.1982); Erdman v. Ingraham, 28 A.D.2d 5, 280 N.Y.S.2d 865, 870 (Ct.App.1967).
The county adopts the first position and argues that Jennings was not denied due process because he either knew or should have known of an ex parte communication due to the mandatory registration required of lobbyists. The county further contends that Jennings failed to avail himself of section 33-316 of the Dade County Code to subpoena the lobbyist to testify at the hearing so as to detect and refute the content of any ex parte communication. We disagree with the county’s position.
Ex parte communications are inherently improper and are anathema to quasi-judicial proceedings. Quasi-judicial officers should avoid all such contacts where they are identifiable. However, we recognize the reality that commissioners are elected officials in which capacity they may unavoidably be the recipients of unsolicited ex parte communications regarding quasi-judicial matters they are to decide. The occurrence of such a communication in a quasi-judicial proceeding does not mandate automatic reversal. Nevertheless, we hold that the allegation of prejudice resulting from ex parte contacts with the decision makers in a quasi-judicial proceeding states a cause of action. E.g., Waste Management; PATCO. Upon the aggrieved party’s proof that an ex parte contact occurred, its effect is presumed to be prejudicial unless the defendant proves the contrary by competent evidence. § 90.304. See generally Caldwell v. Division of Retirement, 372 So.2d 438 (Fla.1979) (for discussion of rebuttable presumption affecting the burden of proof). Because knowledge and evidence of the contact’s impact are peculiarly in the hands of the defendant quasi-judicial officer(s), we find such a burden appropriate. See Technicable Video Sys. v. Americable, 479 So.2d 810 (Fla. 3d DCA 1985); Allstate Finance Corp. v. Zimmerman, 330 F.2d 740 (5th Cir.1964).
In determining the prejudicial effect of an ex parte communication, the trial court should consider the following criteria which we adopt from PATCO, 685 F.2d at 564-65:
[wjhether, as a result of improper ex parte communications, the agency’s deci-sionmaking process was irrevocably tainted so as to make the ultimate judgment of the agency unfair, either as to an innocent party or to the public interest that the agency was obliged to protect. In making this determination, a number of considerations may be relevant: the gravity of the ex parte communications; whether the contacts may have influenced the agency’s ultimate decision; whether the party making the improper contacts benefited from the agency’s ultimate decision; whether the contents of the communications were unknown to opposing parties, who therefore had no opportunity to respond; and whether vacation of the agency’s decision and remand for new proceedings would serve a useful purpose. Since the principal concerns of the court are the integrity of the process and the fairness of the result, mechanical rules have little place in a judicial decision whether to vacate a voidable agency proceeding. Instead, any such decision must of necessity be an exercise of equitable discretion.
Accord E & E Hauling, Inc. v. Pollution Control Bd., 116 Ill.App.3d 586, 71 Ill.Dec. 587, 603, 451 N.E.2d 555, 571 (Ct.App.1983), aff'd, 107 I11.2d 33, 89 Ill.Dec. 821, 481 N.E.2d 664 (1985).
Accordingly, we hold that the allegation of a prejudicial ex parte commu *1342 nication in a quasi-judicial proceeding before the Dade County Commission will enable a party to maintain an original equitable cause of action to establish its claim. Once established, the offending party will be required to prove an absence of prejudice.[2]
In the present case, Jennings’ complaint does not allege that any communication which did occur caused him prejudice. Consequently, we direct that upon remand Jennings shall be afforded an opportunity to amend his complaint. Upon such an amendment, Jennings shall be provided an evidentiary hearing to present his prima facie case that ex parte contacts occurred. Upon such proof, prejudice shall be presumed. The burden will then shift to the respondents to rebut the presumption that prejudice occurred to the claimant. Should the respondents produce enough evidence to dispel the presumption, then it will become the duty of the trial judge to determine the claim in light of all the evidence in the case.[3],[4]
For the foregoing reasons, the application for common law certiorari is granted. The orders of the circuit court are quashed[5] and remanded with directions.
BARKDULL, J., concurs.

. It was conceded at oral argument that the hearing before the commission in this case was quasi-judicial.

. In such a proceeding, the principles and maxims of equity are applicable. See 22 Fla.Jur.2d Equity §§ 44, et seq. (1980).

. In rebutting the presumption of prejudice, respondent may rely on any favorable evidence presented during the claimant’s case-in-chief, including that adduced during respondent’s cross-examination of claimant’s witnesses.

. Under the PATCO test adopted, one of the primary concerns is whether the ex parte communication had sufficient impact upon the decision and, therefore, whether the vacation of the agency’s decision and remand for a new proceeding would be likely to change the result.

.Nothing in this decision shall affect our holding in Izaak Walton League of America v. Monroe County, 448 So.2d 1170 (Fla. 3d DCA 1984) (county commission acting in a legislative capacity).